**Joan Deleon SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–89–0378–CR.**

Court of Appeals of Texas,
Amarillo.

March 6, 1991.

Jeff Blackburn, Amarillo, for appellant.

Randall Sherrod, Dist. Atty., John L. Davis, Asst. Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

The question presented in this case is whether, under proper circumstances, a "controlled buy" by an informant whose credibility cannot otherwise be independently ascertained, may constitute probable cause for issuance of a search warrant.

By permission of the trial court, appellant Joan Yolanda Deleon Salazar brings this appeal from a conviction, upon her plea of guilty, of felony possession of marijuana and the consequent court-assessed punishment of four years confinement in the Department of Corrections.[1] In two points, appellant argues the trial court, by overruling her motion to suppress evidence, violated her rights under the Fourth Amendment to the United States Constitution, Article I, section 9 of the Texas Constitution, and Texas Code of Criminal Procedure article 38.23. We affirm that conviction.

■ Initially, it is appropriate to discuss both points simultaneously inasmuch as Article I, section 9 of the Texas Constitution does not offer greater protection than the Fourth Amendment to the United States Constitution. *Bower v. State*, 769 S.W.2d 887, 903–04 (Tex.Crim.App.), *cert. denied*, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989). Also, since the exclusionary provision of Texas Code of Criminal Procedure article 38.23 is only triggered by evidence obtained in violation of the constitution and laws of the United States or of the State of Texas, discussion and decision of the constitutional questions will also be dispositive of that challenge.

On March 24, 1988, a search warrant was executed at appellant's residence and she was found to be in possession of marijuana in an amount of five (5) pounds or less but more than four (4) ounces. To obtain that

1. Now the Texas Department of Criminal Justice, Institutional Division.

warrant, an Amarillo police officer executed an application which, in relevant part states:

> Within 48 hours of todays date 3–21–88, a controlled narcotic buy was made from the above named residence. The confidential informant was searched Informant had no narcotics, the informant was observed by the affiant go only to the residence and came out with marihuana. Confidential informant did see a usable amount of marihuana in the residence and did see Joann Salazar in control of it. Informant has seen marihuana in the past and does recognize marihuana on sight.

. . . . .

Appellant argues that the affidavit does not show an independent basis by which the affiant could judge the credibility of the witness and that credibility could only arise from the circumstances of the "controlled buy." She reasons that the "controlled buy" is not sufficient to establish the credibility of the informant and, therefore, probable cause was not shown for the issuance of the search warrant.

■ Probable cause sufficient to support a search warrant exists if the facts contained within the four corners of the affidavit and the reasonable inferences drawn therefrom justify the magistrate's conclusion that the object of the search is probably on the premises at the time of issuance. *Bower v. State*, 769 S.W.2d at 902; *Cassias v. State*, 719 S.W.2d 585, 587–88 (Tex.Crim. App.1986). *See also Franks v. Delaware*, 438 U.S. 154, 155–57, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978). If, under the totality of the circumstances, the facts alleged in the affidavit would warrant a reasonably cautious man to accept the allegations as true, probable cause to issue the warrant existed. *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983); *Bower v. State*, *supra; Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App.), *cert. denied*, 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988); *Cassias v. State*, *supra.*

Thus, the duty of a reviewing court is to look to the totality of the circumstances to determine if there exists a substantial basis for concluding that probable cause existed at the time of the questioned action. *Eisenhauer v. State*, *supra; State v. Escobar*, 764 S.W.2d 570, 572 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). While the record does not disclose whether a hearing was held on the motion to suppress, the trial judge signed an order denying the suppression of the evidence on the same day that appellant's plea was entered.

■ Since the trial court is the sole trier of fact at a hearing on a motion to suppress, this Court is not at liberty to disturb any finding which is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App. [Panel Op.] 1980). It is the burden of the appellant to supply a record showing that trial court fact findings are not supported by the record. *Lee v. State*, 167 Tex.Crim. 608, 322 S.W.2d 260, 262 (1958); Tex.R.App.P. 50(d).

■ Without a statement of facts in the record, our review is limited to determining whether the allegations contained within the four corners of the affidavit and the reasonable inferences therefrom were sufficient to justify the magistrate in issuing the search warrant. In performing that task, the magistrate who issues the warrant must be given deference, unless his action is shown to be a mere ratification of the bare conclusions of others. *State v. Escobar*, 764 S.W.2d at 572.

■ Both parties assert, and we agree, that the question presented here has not been decided by our Court of Criminal Appeals so we are without their guidance. However, we are instructed by the Supreme Court of the United States that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. at 232, 103 S.Ct. at 2329. Thus, the two prong "basis of knowledge" and "credibility" Aguilar–Spinelli [2] test, formerly applicable

---

**2.** *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509,

12 L.Ed.2d 723 (1964); *Spinelli v. United States*,

in these situations, is not to be rigidly and mechanically applied but, rather, should be better understood as merely one of the relevant considerations in determining whether the total of all the circumstances was sufficient to support issuance of a search warrant. The instant affidavit lacks the usual boiler plate-type language to the effect that the informant has been proven to be reliable and trustworthy in the past. However, under the surrounding circumstances of this case, that lack is not fatal.

Here, the informant was searched and found to be without narcotics. Then, under the watchful eye of the affiant, the informant entered appellant's residence and returned with marijuana stating that an additional amount of contraband was seen inside the residence. We find that a "controlled buy" under the circumstances set out in this affidavit is sufficient evidence of the reliability of the informant's information to justify a magisterial conclusion that probable cause for issuance of a search warrant was shown. That conclusion is strengthened by the statement that the informant saw a usable amount of marijuana in the residence in possession of appellant. This, coupled with the fact that the informant had just made a purchase, would support a reasonable inference that an additional amount of marijuana remained in the residence for future sales. *See McCombs v. State*, 678 S.W.2d 715 (Tex. App.—Austin 1984, pet. ref'd). In that respect, the instant affidavit is stronger than the one held sufficient in *Bodin v. State*, 782 S.W.2d 258, 259–60 (Tex.App.—Houston [14th Dist.] 1989, pet. granted).

In summary, under this record the trial court did not abuse its discretion in overruling appellant's motion to suppress.

Accordingly, both of appellant's points are overruled and the judgment of the trial court affirmed.

POFF, J., not participating.

393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637    (1969).