**John Paul SADLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00221–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 6, 1995.

Tom Zakes, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Baldwin Chin, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and FARRIS[1] and WILSON, JJ.

## OPINION

FARRIS, Justice (Assigned).

Appellant, John Paul Sadler, appeals his conviction of possession of cocaine complaining the trial court erred in overruling his motion to suppress evidence found by police in a search of his apartment. In searching his apartment the police executed a warrant issued upon the affidavit of a police officer who had relied upon an informant. Sadler contends the affidavit was conclusory in nature and lacked sufficient facts to show the informant credible and establish probable cause. We overrule Sadler's point of error because the affidavit reveals the police had sufficient information to reasonably confirm

1. The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

the informant was reliable; thus, under the totality of the circumstances, the issuing magistrate had a substantial basis to conclude probable cause existed. The judgment is affirmed.

The search warrant affidavit, sworn by a member of the Houston Police Department's Narcotics Division, gave the apartment address and general description; identified the suspect as "Paul, last name unknown"; and described how a confidential informant, who had proved reliable in the past, was employed. The informant was given "city buy money," searched to insure the informant had no narcotics, and instructed how to enter the apartment. The affiant and another officer watched the informant enter the apartment door and reappear, in minutes, returning with a small plastic bag of cocaine which the informant said had been purchased from Paul. The informant told the police Paul had more cocaine in the apartment.

■ Sadler challenges the officer's affidavit on state constitutional grounds. *See* TEX. CONST. art. I, § 9. He argues the affidavit did not suffice because it described neither how the informant knew there was still cocaine in the apartment nor the nature of prior information provided by the informant. Sadler also challenges the informant's claim to have previously seen cocaine in the apartment because the affidavit neither identified who then controlled the premises and possessed the cocaine nor showed the informant could recognize cocaine.

■ If the affidavit meets the stated facts "totality of the circumstances" test, we must overrule Sadler's complaints. *See Illinois v. Gates*, 462 U.S. 213, 239–40, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983); *Bower v. State*, 769 S.W.2d 887, 903–04 (Tex.Crim. App.1989). By arguing we should hold the affidavit insufficient because it did not include the matters of which he complains, Sadler invites us to make an inappropriate *de novo* review of probable cause when we should only determine if substantial evidence supported the magistrate's decision to issue the warrant. *Id.* at 908. *Bower*, 769 S.W.2d at 902.

■ The circumstances of a "controlled buy," standing alone, may be sufficient to reasonably confirm an informant's information and give probable cause to issue a search warrant. *See Salazar v. State*, 806 S.W.2d 291, 293–94 (Tex.App.—Amarillo 1991, no pet.). The officers' control of the informant in this case was significantly similar to that described in *Salazar*. *Id.* at 294. In both cases the police searched the informant before sending him into the suspected premises and kept the informant in view to insure the probable source of contraband was the premises that would be identified in the affidavit. *Id.* Additionally, in both cases the affidavits state the informant reported contraband remaining in the premises. *Id.* Accordingly, the officer's affidavit was not merely conclusory because the police control of the informant validated the affiant's reliance upon the informant's report and provided the magistrate with a substantial basis to conclude he had probable cause to issue the warrant.

Sadler's point of error is overruled, and the judgment is affirmed.