Opinion issued April 11, 2002












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-99-01446-CR

____________


DERRICK DEWAYNE ROBINSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 796792






O P I N I O N

 Appellant, Derrick Dewayne Robinson, pleaded guilty to possession of more
than four but less than 200 grams of cocaine. The trial court found appellant guilty,
and, pursuant to his plea bargain with the State, sentenced him to two years in prison. 

 Appellant presents six issues for our review, arguing the trial court erred in
failing to order the disclosure of the identity of a confidential informant, denying
appellant's motion to suppress evidence, and failing to conduct a hearing on
appellant's Franks (1) motion. We affirm.

Factual and Procedural Background


 On October 28, 1998, Houston Police Officer B. K. Bufkin submitted an
affidavit to a magistrate requesting a combination search and arrest warrant. The
affidavit reads, in part, as follows:

 The undersigned affiant, B. K. Bufkin, being a peace officer under the
laws of the State of Texas and being duly sworn, on oath makes the
following statements and accusations.


 There is in Houston, Harris County, Texas, a suspected place and
premise described and located as follows: "Western Skies" motel, 2806
Old Spanish Trail #44, Houston, Harris County, Texas, more fully
described as a single room of a multi-room motel complex. . . . Room
#44 is located on the south side of the complex.


 There is at said suspected place and premise property concealed and
kept in violation of the laws of the State of Texas and described as
follows: a controlled substance, namely cocaine.


 Said suspected place and premise are in charge of and controlled by . .
. an unknown black male . . . described as being 40 to 42 years of age,
5'08" to 6'00" tall, 240-250 lbs[.], short brown hair and a dark brown
complexion.


 It is the belief of the affiant, and the affiant hereby charges and accuses
that the unknown black male, who is more fully described above, is in
possession of a quantity of . . . cocaine . . . .


 My belief of the aforesaid statement is based on the following facts: I,
B. K. Bufkin . . . am currently assigned to the Narcotics Division. 
Within the past 48 hours your Affiant met with [sic] Confidential
Informant (CI) who has given credible and reliable information on
several occasions in the past. The CI was given twenty dollars and
instructed to attempt to make a purchase of crack cocaine from the
location. The CI was dropped off a short distance away and allowed to
walk up on his own. The CI returned a few minutes later and
immediately turned over to Affiant two small chunks of crack cocaine
and gave the following details. The CI walked to room #44 and was met
by the unknown black male, more fully described above, at the door. 
The CI asked the unknown black male for a twenty. The unknown black
male went into room #44 and returned to the CI. The unknown black
male handed the CI two chunks of crack cocaine and the CI gave the
unknown black male twenty dollars. The CI then returned to your
[A]ffiant.


 The crack cocaine purchased by the CI was field tested by your Affiant
and the results were positive for cocaine.


 Affiant has received information from this confidential informant on
three or more occasion [sic] concerning illegal narcotics transactions
and on each and every occasion the information has proven to be true
and correct.


 That same day, the magistrate signed a warrant authorizing a search for cocaine
in room number 44 of the motel and the arrest of the unknown black male described
in the affidavit, and Officer Bufkin filed an "Officer's Return" indicating he and
seven other officers had executed the warrant at the motel, arrested appellant, and
seized 30.14 grams of crack cocaine. (2)

 Appellant filed a pretrial motion seeking to (1) suppress the evidence seized
pursuant to the search warrant, (2) reevaluate the probable cause determination, and
(3) require disclosure of the identity of the confidential informant. Appellant argued
to suppress the evidence seized by the officers on the grounds the informant's
allegations were uncorroborated and the information in the affidavit was stale. 
Appellant sought the disclosure of the informant's identity, claiming "the informant
is the only witness to any of the facts which are purported to give rise to probable
cause."

 In support of his motion, appellant included an affidavit that reads, in part, as
follows:

 My name is Derrick Robinson. . . . I rented and occupied room #44 at
the Western Skies Motel . . . from at least October 20, 1998 until
October 29, 1998. I had been living in this room for at least a week
before I was arrested on October 29, 1998. I was the sole occupant of
room 44 at said motel the entire time I occupied the room. Within the
week prior to my arrest, I was the only person in room 44. I did not sell
any cocaine to anybody. No one else was ever in my room. I know with
certainty that no drugs were sold from room 44 during the time I was
there because I was the only person ever in that room during that period
of time. There was no 40-42 year old black male present in my room. 
No one came to the door of my room and tried to buy drugs. No drugs
were sold.


 Appellant did not request a hearing on his motion, and the trial court denied the
motion without conducting one. In accordance with rule 25.2, appellant's notice of
appeal specifies that the substance of the appeal was raised by written motion and
ruled on by the trial court before trial. Tex. R. App. P. 25.2(b)(3)(B). Thus, we have
jurisdiction to consider the issues presented to us.

Disclosure of Informant


 In his first issue, appellant argues the trial court erred in denying his motion to
disclose the identity of the confidential informant. Appellant contends he had the
right to learn the identity of the confidential informant pursuant to rule 508 of the
Texas Rules of Evidence.

 Rule 508 gives the State the privilege to refuse to disclose the identity of a
person who furnishes information to law enforcement relating to or who assists in a
criminal investigation. Tex. R. Evid. 508. There are exceptions to this privilege. If
it appears from the evidence in the case or a showing by a party that an informant may
be able to give testimony necessary to a fair determination of the issues of guilt or
innocence, the trial court must give the State the opportunity to show, in camera, facts
relevant to determining whether the informant can, in fact, supply that testimony. Id.

 Under rule 508, a defendant has the burden to make a plausible showing that
the informant could give testimony "necessary to a fair determination of guilt." 
Anderson v. State, 817 S.W.2d 69, 71-72 (Tex. Crim. App. 1991); Bodin v. State, 807
S.W.2d 313, 317-18 (Tex. Crim. App. 1991); Lopez v. State, 824 S.W.2d 298, 300
(Tex. App.--Houston [1st Dist.] 1992, no pet.). Evidence from any source, but not
mere conjecture or supposition, must be presented to make the required showing that
the informant's identity must be disclosed. Bodin, 807 S.W.2d at 318; Lopez, 824
S.W.2d at 300. When it is shown the informant was an eyewitness to an alleged
offense, the informant can give testimony necessary to a fair determination of the
issues of guilt or innocence. Anderson, 817 S.W.2d at 72. The mere filing of a rule
508 motion is insufficient to obtain a hearing, much less compel disclosure. Bodin,
807 S.W.2d at 318.

 Appellant contends the identity of the informant should have been disclosed
because the informant "[wa]s the only witness to any of the facts which are purported
to give rise to probable cause." However, appellant was charged with possession of
the cocaine seized from his hotel room, not with the sale of cocaine to the confidential
informant. No evidence was presented by appellant that the informant was present
when the police searched appellant's motel room and located the cocaine, or that the
informant was an eyewitness to the offense charged. (3) Based on these facts, we
conclude appellant did not prove the informant could have given testimony necessary
to a fair determination of guilt, and we hold the trial court did not commit error in
denying appellant's Rule 508 motion. See Edwards v. State, 813 S.W.2d 572, 580
(Tex. App.--Dallas 1991, pet. ref'd) (holding informant's testimony neither relevant
nor helpful to fair determination of guilt when informant not present at time of
execution of warrant, arrest of defendant, or commission of offenses charged).

 We overrule appellant's first issue.

Motion to Suppress


 In his second through fifth issues, appellant argues the trial court erred in
denying his motion to suppress the evidence seized in his motel room. Specifically,
appellant contends the allegations in the search warrant affidavit were not sufficient
to create probable cause that contraband would be found in his motel room, and
consequently, the search violated the Fourth Amendment of the United States
Constitution, (4) article one, section nine of the Texas Constitution, (5) and articles 18.01
and 38.23 of the Texas Code of Criminal Procedure. (6)

 In reviewing a trial court's suppression decision, we view the evidence in the
light most favorable to the trial court's ruling. State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999). Whether the facts alleged in a probable cause affidavit
sufficiently support a search warrant is determined by examining the totality of the
circumstances. Ramos v. State, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996). 
The allegations are sufficient if they would "justify a conclusion that the object of the
search is probably on the premises." Id. at 363 (citing Cassias v. State, 719 S.W.2d
585, 587 (Tex. Crim. App. 1986)). The magistrate is permitted to draw reasonable
inferences from the facts and circumstances alleged. Ramos, 934 S.W.2d at 363. 
Reviewing courts should accord great deference to the magistrate's determination. 
Id.

 No hearing was conducted on appellant's motion to suppress evidence, and the
trial court made no determinations based on a firsthand evaluation of the witnesses'
credibility and demeanor; thus, we may review de novo the trial court's decision to
deny appellant's motion to suppress. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997); Ramos v. State, 31 S.W.3d 762, 764 (Tex. App.--Houston [1st
Dist.] 2000, no pet.). 

 We have previously held that the circumstances of a single controlled buy,
standing alone, may be sufficient to reasonably confirm an informant's information
and give probable cause to issue a search warrant. See Sadler v. State, 905 S.W.2d
21, 22 (Tex. App.--Houston [1st Dist.] 1995, no pet.). In Sadler, the officer stated
in the affidavit that the officers had searched the informant before sending him to
purchase the drugs and the officers kept him in view as he walked to and from the
suspected premises. Id. In addition, the informant reported seeing contraband
remaining on the premises. Id. 

 Here, the affidavit submitted to the magistrate indicates Officer Bufkin gave
the informant 20 dollars and instructed him to attempt to make a purchase of crack
cocaine from room number 44 of the motel. The informant went to the room and
returned a few minutes later with two chunks of a substance which was tested by
Officer Bufkin and was determined to be cocaine. The informant told Officer Bufkin
a black male in motel room number 44 sold the cocaine to the informant, and the
informant provided a description of the occupant of the room. With regard to the
informant's reliability, Officer Bufkin stated he had received information from the
informant on three or more occasions concerning illegal narcotics transactions and
on each occasion the information proved to be reliable. 

 Although the circumstances of the informant's drug purchase in the present
case were not as "controlled" as in Sadler, we hold the magistrate was presented with
sufficient facts to reasonably conclude that the object of the search, cocaine, was
probably on the premises. See Williams v. State, 37 S.W.3d 137, 140-41 (Tex.
App.--San Antonio 2001, pet. ref'd) (affirming denial of motion to suppress where
informant not searched before or kept in view during buy).

 We overrule appellant's second, third, fourth, and fifth issues.

Franks Hearing


 In his sixth issue, appellant argues the trial court erred in failing to conduct a
hearing to determine whether the allegations in the search warrant affidavit were true. 
Appellant contends this case is controlled by Franks v. Delaware, 438 U.S. 154, 98
S. Ct. 2674 (1978).

 In Franks, the Supreme Court addressed the sufficiency of a search warrant
based on an affidavit that contained knowingly or recklessly made false statements. 
438 U.S. at 155-56, 98 S. Ct. at 2676. The court in Franks held as follows:

 [W]here the defendant makes a substantial preliminary showing that a
false statement knowingly and intentionally, or with reckless disregard
for the truth, was included in a warrant affidavit, and if the allegedly
false statement is necessary to the finding of probable cause, the Fourth
Amendment requires that a hearing be held at the defendant's request.


Id. (emphasis added). When it is established that a police officer made statements in
a search warrant affidavit that are intentionally false or made with reckless disregard
for the truth, the statements must then be excised from the affidavit before
determining whether the affidavit affords probable cause for the issuance of the
warrant. Id. at 156, 98 S. Ct. at 2676; Hass v. State, 790 S.W.2d 609, 611 (Tex. Crim.
App. 1990); Jones v. State, 907 S.W.2d 850, 855 (Tex. App.--Houston [1st Dist.]
1995, pet. ref'd).

 Appellant must make an initial evidentiary showing that Officer Bufkin made
the statements in the probable cause affidavit knowing they were false or with
reckless disregard for their truth. As noted above, appellant attached an affidavit to
his Franks motion, stating he was the sole occupant of the motel room and denying
he had sold drugs to anyone during the time in question. However, appellant did not
request a hearing on the motion. Thus, we cannot conclude the trial court erred in
failing to hold such a hearing, and we hold appellant has waived this issue for review. 
Tex. R. App. 33.1(a). (7)

 We overrule appellant's sixth issue.


Conclusion


 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Delaware v. Franks, 438 U.S. 154, 98 S. Ct. 2674 (1978).
2. The officers also seized 12.72 grams of marijuana and $1673.
3. In fact, two months after the trial court denied appellant's motion, Officer
Bufkin filed an affidavit in which he swore that "no confidential informants
and/or civilians were present before, during or after" the execution of the
warrant. Appellant does not challenge this affidavit testimony.
4. U. S. Const. amend IV.
5. Tex. Const. art. I, § 9.
6. Tex. Code Crim. Proc. Ann. arts. 18.01 (Vernon Supp. 2002) and 38.23
(Vernon Pamph. 2002).
7. Appellant's entire argument in his motion regarding his claims under Franks
is as follows:


 Defendant questions the truth of all assertions contained in
the affidavit. Any statement found to be false should be
excised pursuant to Delaware v. Franks, 438 U.S. 154, 98
S.Ct. 2674, 57 L.Ed.2d 667 (1978). Any omissions should
be reinserted. A proper probable cause determination
based on the remnants may then be made by the court.