Opinion issued October 10, 2002 










In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00983-CR






KENNETH RAY SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 863219






O P I N I O N


 A jury found appellant, Kenneth Ray Smith, guilty of possession of a
controlled substance with intent to deliver. (1) The court assessed punishment at 20
years confinement. In two points of error, appellant claims the evidence was legally
insufficient and the trial court erred by overruling his motion to suppress. We affirm.

Factual Background


 On December 8, 2000, Houston Police Department (HPD) Narcotics Division
Officer Steve Kwiatkowski executed a search warrant on an apartment and arrested
appellant, Kenneth Ray Smith.

 In the affidavit he submitted to establish probable cause for the warrant, Officer
Kwiatkowski stated that, on December 6, 2000, he and another undercover officer
met an individual named Marvin Rachal, who purported to have information about
obtaining crack cocaine at a nearby apartment. The officers drove Rachal to the
apartment and gave him 25 dollars in marked bills in order to purchase one rock of
crack cocaine. Rachal got out of the vehicle and approached the entrance of the
apartment where Officer Kwiatkowski observed appellant open the front door and
allow Rachal to enter. Approximately one minute later, Rachal returned from the
apartment to the vehicle and produced the rock of crack cocaine. Rachal further
indicated that additional quantities remained available inside the apartment and
appellant was known for having crack cocaine available.

 A magistrate issued a search warrant for the premises on December 7, 2000,
based on the description of events contained in Officer Kwiatkowski's affidavit. 
After acquiring the warrant, Officer Kwiatkowski conducted additional surveillance
on the location the following day and again observed appellant standing in the
doorway of the apartment. Later that same day, Kwiatkowski and other officers
executed the search warrant and discovered two individuals inside the apartment. 
One, found standing in the living room, had a small amount of crack cocaine on his
person. The other, appellant, was found kneeling on the floor in a back bedroom. 
Arresting officers testified that appellant's hands were within inches of a hole in the
floor and were moving away from the hole. Appellant stood at the officer's
instruction and stated, "I did not do anything, I was just looking at the floor." Officer
Kwiatkowski looked at the floor and observed the hole, which contained 68 separate
rocks of crack cocaine and a handgun. A more extensive search further yielded a set
of keys, one of which fit the apartment lock. 

Legal Sufficiency


 In his first point of error, appellant contends the evidence is legally insufficient
to sustain the conviction for possession of a controlled substance with intent to
deliver because the State failed to satisfy the element of knowing possession. 

 Standard of Review

 In reviewing legal sufficiency, evidence must be viewed in the light most
favorable to the judgment to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89 (1979); Young v. State, 14
S.W.3d 748, 753 (Tex. Crim. App. 2000).

 Possession

 To establish unlawful possession of a controlled substance, the State must
show that the defendant (1) exercised care, control and management over the
contraband, and (2) knew the substance was contraband. Martin v. State, 753
S.W.2d 384, 386 (Tex. Crim. App. 1988). When the defendant is not in exclusive
control of the place where the contraband is found, there must be independent facts
and circumstances indicating that he had knowledge and control of the contraband. 
Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982). There must be evidence
affirmatively linking the defendant to the contraband, indicating that he possessed it
knowingly or intentionally, and showing that his connection with the drugs was more
than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Although courts have established a non-exclusive list of factors, which are relevant
in establishing possession, the number of factors present is not as important as their
"logical force," or the degree to which the factors, alone or in combination, tend
affirmatively to link the accused to the contraband. Hurtado v. State, 881 S.W.2d
738, 743 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). Moreover, the
sufficiency of the facts and circumstances affirmatively linking the defendant to the
contraband must be considered in their totality. See Sosa v. State, 845 S.W.2d 479, 

483 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd).

 Viewing the evidence in the light most favorable to the conviction, a rational
trier of fact could have found beyond a reasonable doubt that the appellant knowingly
possessed the crack cocaine. Surveillance revealed appellant was in the apartment
on two separate recent occasions. It was during one of those occasions that an officer
arranged the purchase of crack cocaine. When they executed the warrant, the officers
discovered appellant kneeling over a hole in the floor that contained the contraband
in plain view. Moreover, appellant's hands were moving away from the hole as if he
had placed something in the space. Appellant further established a basis for a
reasonable inference of guilt by implausibly explaining that he was "just looking at
the floor." The officer's description of appellant's presence at an earlier buy by an
informant, appellant's proximity to the contraband during the raid, and appellant's
description of his activity collectively established sufficient affirmative links to allow
a rational trier of fact to conclude beyond a reasonable doubt that appellant
knowingly possessed the narcotics. 

 Accordingly, appellant's first point of error is overruled.

Motion to Suppress


 In his second point of error, appellant asserts the trial court erred in denying his
motion to suppress because the affidavit in support of the search warrant did not
constitute probable cause. Specifically, he contends the affidavit contains insufficient
and conclusory statements from an affiant not alleged to have provided reliable
information to law enforcement in the past.

 Standard of Review

 The denial of appellant's motion to suppress draws de novo review because the
trial court's decision of this mixed question of law and fact did not turn upon an
evaluation of witness credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). However, in reviewing the issue before the trial court de
novo, the appellate court does not determine independently, or de novo, if there was
probable cause. Ramos v. State, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996). 
Rather, a reviewing court should accord great deference to the magistrate's decision
to issue the warrant and determine whether, considering the totality of the
circumstances, the magistrate had a substantial basis for concluding probable cause
existed. See id. This deferential standard of review of a magistrate's probable cause
determination promotes the United States Supreme Court's stated policy of
preserving the incentive to peace officers to obtain a warrant instead of conducting
warrantless searches. Massachusetts v. Upton, 466 U.S. 727, 733, 104 S.Ct. 2085,
2088 (1984).

 Probable Cause

 A request for a warrant must be supported by a sworn affidavit that sets out
facts sufficient to support a finding of probable cause. Tex. Code Crim. Proc. Ann.
art. 18.01(b) (Vernon Supp. 2002). Among other requirements, the facts asserted in
the affidavit must be sufficient to show "that the property or items constituting the
evidence to be searched for or seized are located at or on the particular person, place
or thing to be searched." Id. 18.01(c)(3); Massey v. State, 933 S.W.2d 141, 148 (Tex.
Crim. App. 1996). The allegations are sufficient if they would "justify a conclusion
that the object of the search is probably on the premises." Cassias v. State, 719
S.W.2d 585, 587 (Tex. Crim. App. 1986). Moreover, a magistrate may rely upon an
experienced officer's conclusions based upon his training and experience in dealing
with a particular type of investigation. See Hackleman v. State, 919 S.W.2d 440, 447
(Tex. App.--Austin 1995, pet. ref'd, untimely filed); Bernard v. State, 807 S.W.2d
359, 365 (Tex. App.--Houston [14th Dist.] 1991, no pet.). 

 The affidavit from Officer Kwiatkowski includes a detailed description of the
following sequence of events: 1) Kwiatkowski and another officer encountered a
named individual, Marvin Rachal, who offered information regarding the purchase
of narcotics; 2) Rachal directed the officers to an apartment where the narcotics could
be purchased; 3) the officers gave Rachal marked bills with which to purchase one
rock of crack cocaine; 4) Rachal approached the house, where Kwiatkowski observed
appellant open the front door and let Rachal inside; 5) Rachal came out of the house
after a minute and returned directly to the officers waiting in the car; 6) Rachal
delivered one rock of crack cocaine to the officers and indicated that crack was
regularly available from that location. Affiant Kwiatkowski was able to corroborate
the reliability of Rachal's information through surveillance during the controlled buy.

 The circumstances of a controlled buy, standing alone, can be sufficient to
confirm an informant's information. See Sadler v. State, 905 S.W.2d 21, 22 (Tex.
App.--Houston [1st Dist.] 1995, no pet.). In Sadler, an affidavit describing a
controlled buy constituted sufficient probable cause for the issuance of a search
warrant because the informant reported seeing additional contraband on the premises. 
Id. Although the informant was searched by the officers prior to the purchase in
Sadler, the absence of a prior search does not alone establish insufficiency of an
affidavit for probable cause. See Williams v. State, 37 S.W.3d 137, 140-41 (Tex.
App.--San Antonio 2001, pet. ref'd) (affirming denial of motion to suppress where
informant was not searched before or kept in view during buy). 

 In this case, although officers did not search the informant, Rachal, prior to the
buy, the affidavit sufficiently described events indicating the presence of contraband
in the location named in the search warrant. Drawing all reasonable inferences from
the facts and circumstances alleged in the affidavit, the totality of the circumstances
indicate that the magistrate had a substantial basis for finding probable cause and
issuing the search warrant. See Ramos, 934 S.W.2d at 363. 

 Accordingly, we overrule appellant's second point of error.

Conclusion

 We affirm the trial court's judgment.


 


 Lee Duggan, Jr.

 Justice

 

Panel consists of Justices Hedges, Keyes, and Duggan. (2)


Do not publish. Tex. R. App. P. 47.4.
1. See Tex. Health & Safety Code Ann. § 481.112 (Vernon Supp. 2002).
2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.