Opinion issued October 9, 2008 

















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00960-CR

____________


CHARLES WAYNE BURNETT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 51458






MEMORANDUM OPINION

 A jury found appellant, Charles Wayne Burnett, guilty of the offense of
possession with intent to deliver a controlled substance, namely, cocaine, (1) in an
amount of more than one gram but less than four grams. After appellant pleaded true
to the allegations in four enhancement paragraphs that he had four prior felony
convictions, the trial court assessed his punishment at confinement for thirty-five
years. In two points of error, appellant contends that the evidence is legally and
factually insufficient to support his conviction and that the trial court erred in denying
his motion to suppress evidence.

 We affirm.

Factual Background

 Sweeny Police Department Sergeant J. Bills testified that Vendetta Wilcox, an
undercover informant, arranged a meeting to purchase narcotics from appellant at a
feed store on March 11, 2006. Before the meeting, Sergeant Bills provided Wilcox
with ten marked twenty-dollar bills and a tape recorder. Bills also searched Wilcox's
mouth, purse, and clothing to ensure that she was not carrying narcotics. For acting
as an informant, Wilcox received twenty-five dollars. Sweeny Police Department
Officer T. Krenek, working undercover, drove Wilcox to the feed store, and Bills
trailed behind them in an unmarked car, from which he saw Krenek park her car
behind appellant's car in the feed store parking lot.

 Wilcox testified that while Officer Krenek remained in her car, Wilcox went
into appellant's car and, with the marked twenty-dollar bills, purchased $200 worth
of narcotics from appellant. Wilcox explained that she tape-recorded the narcotics
transaction, and the recording demonstrated that Wilcox counted out the twenty dollar
bills and that appellant had more crack cocaine to sell. 

 Officer Krenek testified that she drove Wilcox to the feed store, and, after
Wilcox returned to Krenek's car, Wilcox had a matchbox containing seven rocks of
crack cocaine. Krenek added that she watched Wilcox during the entire narcotics
transaction, and she did not observe her remove narcotics from any body cavity.

 On March 12, 2006, Sergeant Bills executed a search warrant at appellant's
house in connection with the narcotics transaction. Police officers found "a white
powder substance" in appellant's kitchen, and Bills found eight of the previously
marked twenty-dollar bills from the narcotics transaction in appellant's wallet inside
of appellant's truck. On cross-examination, Bills conceded that appellant's wife was
also at appellant's house when the officers conducted their search and that he did not
conduct a "strip search" of Wilcox prior to the meeting with appellant. Bills also
added that officers found narcotics in a purse inside the home.

 Appellant presented the testimony of Lavern Wilcox Gooden, Wilcox's
mother-in-law, who testified that Wilcox was not a credible witness.

Sufficiency of the Evidence

 In his first point of error, appellant argues that the evidence is legally and
factually insufficient to support his conviction because the State "failed to show
beyond a reasonable doubt that [a]ppellant exercised actual care, custody, control, or
management of the cocaine."

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). In conducting
our legal sufficiency review, we are mindful that the trier of fact is the sole judge of
the weight and credibility of the evidence. Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000). Thus, when performing our review, we may not reevaluate
the weight and credibility of the evidence and substitute our judgment for that of the
fact-finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must
resolve any inconsistencies in the evidence in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).

 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, i.e., that the
verdict seems "clearly wrong and manifestly unjust," or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). We
note that a jury is in the best position to evaluate the credibility of witnesses, and we
afford due deference to the jury's determinations. Marshall v. State, 210 S.W.3d 618,
625 (Tex. Crim. App. 2006). Although we should always be "mindful" that a jury is
in the best position to decide the facts and that we should not order a new trial simply
because we disagree with the verdict, it is "the very nature of a factual-sufficiency
review that . . . authorizes an appellate court, albeit to a very limited degree, to act in
the capacity of a so-called 'thirteenth juror.'" Watson, 204 S.W.3d at 416-17. Thus,
when an appellate court is "able to say, with some objective basis in the record, that
the great weight and preponderance of the (albeit legally sufficient) evidence
contradicts the jury's verdict[,] . . . it is justified in exercising its appellate fact
jurisdiction to order a new trial." Id. at 417.

 A person commits the offense of possession of a controlled in an amount more
than one gram but less than four grams if he knowingly or intentionally possesses the
controlled substance in the prescribed amount, by aggregate weight, including
adulterants or dilutants. See Tex. Health & Safety Code Ann. §§ 481.002(5),
481.102(3)(D) (Vernon Supp. 2008), 481.112(a), (c) (Vernon 2003). To prove
possession with intent to deliver, the State must prove that the defendant (1) exercised
care, custody, control, or management over the controlled substance; (2) intended to
deliver the controlled substance to another; and (3) knew that the substance in his
possession was a controlled substance. Id. § 481.002(38) (Vernon Supp. 2008), §
481.112(a) (Vernon 2003); Parker v. State, 192 S.W.3d 801, 805 (Tex.
App.--Houston [1st Dist.] 2006, pet. ref'd). Possession is "a voluntary act if the
possessor knowingly obtains or receives the thing possessed or is aware of his control
of the thing for a sufficient time to permit him to terminate his control." Tex. Penal
Code Ann. § 6.01(b) (Vernon 2003).

 The State may offer direct or circumstantial evidence to prove a defendant's
possession of narcotics. See Brown v. State, 911 S.W.2d 744, 747-48 (Tex. Crim.
App. 1995). When the State relies on circumstantial evidence to prove that the
defendant knowingly possessed narcotics, the State must link a defendant to the
narcotics in such a manner that one could reasonably conclude that the defendant
knew of the existence of the narcotics and exercised control over it. Id.; see also
Evans v. State, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006) (recognizing that
necessary connection between defendant and narcotics may be referred to as
"affirmative link" or simply as "link"); Utomi v. State, 243 S.W.3d 75, 79 (Tex.
App.--Houston [1st Dist.] 2007, pet. ref'd) (noting that State must link defendant to
narcotics when narcotics are "not found on the [defendant's] person"). Whether
direct or circumstantial evidence is used, the State must establish that the defendant's
connection with the narcotics was more than just fortuitous. Poindexter v. State, 153
S.W.3d 402, 405-06 (Tex. Crim. App. 2005). In determining whether the defendant
actually knew that he possessed cocaine, the jury is allowed to infer the defendant's
knowledge from his acts, conduct, remarks, and from the surrounding circumstances. 
Ortiz v. State, 930 S.W.2d 849, 852 (Tex. App.--Tyler 1996, no pet.); Menchaca v.
State, 901 S.W.2d 640, 652 (Tex. App.--El Paso 1995, pet. ref'd); see also Gutierrez
v. State, 628 S.W.2d 57, 60 (Tex. Crim. App. [Panel Op.] 1980) (concluding that jury
could reasonably infer from independent facts and circumstances that defendant knew
of narcotic's existence), overruled on other grounds, Chambers v. State, 711 S.W.2d
240 (Tex. Crim. App. 1986). 

 Appellant argues that the evidence is legally insufficient because the "State's
only witness to the actual drug transfer was a convicted felon" and that Wilcox "could
have easily hidden the drugs on her body because the police failed to properly search
her before her meeting with [a]ppellant." 

 Viewing the evidence in the light most favorable to the verdict, Sergeant Bills
searched Wilcox before the meeting with appellant. The search took place in the
presence of Officer Krenek, who later saw Wilcox go into appellant's car, meet with
appellant, and return to Krenek's vehicle with seven rocks of crack cocaine. Wilcox
testified that appellant had sold her the crack cocaine. Also, the tape recording
verifies that a narcotics transaction had occurred between appellant and Wilcox. 
Moreover, when Sergeant Bills searched appellant's truck on March 12, 2006--the
day after the narcotics transaction--he found eight of the ten marked twenty-dollar
bills in appellant's wallet. 

 In sum, the evidence shows that appellant sold seven rocks of crack cocaine to
Wilcox, directly linking appellant to the narcotics and establishing his care, custody,
control, and management over the narcotics. Accordingly, we hold that the evidence
is legally sufficient to support the jury's implied finding that appellant "knowingly"
possessed, with intent to deliver, a controlled substance.

 Appellant argues that the evidence is factually insufficient to support his
conviction because Wilcox could have pulled "narcotics from her vagina while sitting
in appellant's car." Appellant asserts that Officer Krenek did not actually see
appellant and Wilcox conduct the hand-to-hand transaction of money for crack
cocaine. Appellant also asserts that Sergeant Bills did not "strip search" Wilcox
before she met with appellant. Appellant contends that Wilcox could have had the
narcotics on her the entire time. 

 Although Wilcox was the only witness to the transaction, we must defer to the
jury's determination that she was credible. See Marshall, 210 S.W.3d at 625. Wilcox
testified that appellant sold her seven rocks of crack cocaine. Wilcox's testimony was
buttressed by the tape recording of the transaction and by Officer Krenek's testimony. 
Moreover, Sergeant Bills later found the previously marked twenty-dollar bills, which
Bills had given to Wilcox to buy the crack cocaine from appellant, in appellant's
wallet. 

 We conclude that the evidence is not so obviously weak as to make the verdict
clearly wrong and manifestly unjust, nor is the proof of guilt against the great weight
and preponderance of the evidence. Accordingly, we hold that the evidence is
factually sufficient to support the jury's implied finding that appellant "knowingly"
possessed, with intent to deliver, a controlled substance.

 We overrule appellant's first point of error.

Motion to Suppress Evidence

 In his second point of error, appellant argues that the trial court erred in
denying his motion to suppress evidence because the affidavits supporting the search
warrant "do not contain evidence that supports [Sergeant Bills's] statement that
[Wilcox was] reliable and credible enough to provide the probable cause for the
execution of the search warrant."

 An application for a search warrant must be supported by an affidavit. Tex.
Code Crim. Proc. Ann. arts. 1.06, 18.01(b) (Vernon 2005). The affidavit should set
forth the facts that establish probable cause. Id. art. 18.01(b). Probable cause exists
when the facts given to a magistrate are sufficient to conclude that the object of the
search is probably on the premises at the time the warrant is issued. Cassias v. State,
719 S.W.2d 585, 587 (Tex. Crim. App. 1986); McKissick v. State, 209 S.W.3d 205,
211 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd).

 When reviewing the sufficiency of an affidavit, we do not engage in a de novo
review; instead we give great deference to the magistrate's determination of probable
cause. Swearingen v. State, 143 S.W.3d 808, 810-811 (Tex. Crim. App. 2004);
McKissick, 209 S.W.3d at 211. A search warrant is adequate when the magistrate has
a substantial basis for concluding that probable cause was shown. Swearingen, 143
S.W.3d at 810-811; McKissick, 209 S.W.3d at 212. The sufficiency of the affidavit
is determined by considering the totality of the circumstances set forth within the four
corners of the affidavit. Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332
(1983); Swearingen, 143 S.W.3d at 811. 

 Appellant argues that the affidavits did not provide probable cause because
Sergeant Bills's statement that Wilcox "has been credible and reliable" is conclusory. 
Appellant disputes Wilcox's credibility, asserting that Wilcox was the only witness
to the narcotics transaction and no female police officer performed a cavity search on
Wilcox prior to the transaction. 

 Sergeant Bills executed two affidavits, one of which details a controlled buy
of crack cocaine from appellant. In his affidavits, Bills describes (1) Wilcox's contact
with appellant to purchase crack cocaine, (2) Bills's providing Wilcox with ten
marked bills to use in the transaction, (3) Wilcox's use of a tape recorder to record
the narcotics transaction, (4) Wilcox's meeting with appellant, (5) Wilcox's
immediate return to Officer Krenek's car, where she turned over seven rocks of crack
cocaine to Krenek and told Krenek that she received the crack cocaine from appellant,
and (6) appellant's telling Wilcox that he had more crack cocaine at his residence that
Wilcox could buy when she had the money. 

 The circumstances of a "controlled buy," standing alone, may be sufficient to
reasonably confirm an informant's information and give probable cause to issue a
search warrant. Sadler v. State, 905 S.W.2d 21, 22 (Tex. App.--Houston [1st Dist.]
1995, no pet.). In Sadler, an affidavit describing a controlled buy was not deemed
conclusory because the police officers' control of the informant validated the affiant's
reliance upon the informant's information. Id. Sergeant Bills's control of the
informant in this case is similar to the control described in Sadler. See id. As in
Sadler, Sergeant Bills searched Wilcox before her meeting with appellant and
obtained information about additional contraband from the informant. See id. 
Moreover, the police officers in this case were able to keep the informant in view
during the whole transaction, and Wilcox recorded the meeting on audio tape. 
Although Wilcox did not see any other narcotics, appellant told her that he "had
plenty of crack" to sell and "that he would have it [if she would just] call him at his
residence."

 In sum, there are facts articulated within the four corners of Sergeant Bills's
affidavits that provided the magistrate with a substantial basis to find probable cause
to issue the search warrant. Accordingly, we hold that the trial court did not err in
denying appellant's motion to suppress evidence.

 We overrule appellant's second point of error.

Conclusion

 We affirm the judgment of the trial court.


 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2008), §
481.112(a), (c) (Vernon 2003).