Opinion issued January 6, 2011. 

 

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00090-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



The State of Texas, Appellant

 

V.

 

Robert Wade Hart, Appellee

 

 



On Appeal from the 177th District Court

 Harris County,
Texas

Trial Court Cause No. 1204267

 

 



MEMORANDUM OPINION

          A
grand jury indicted Robert Wade Hart for the felony offense of possession with
intent to deliver a controlled substance, namely cocaine, weighing more than
four grams and less than 200 grams.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D),
481.112(d) (Vernon 2010).  The trial
court granted Hart’s motion to suppress evidence seized pursuant to a search
warrant on the ground that the affidavit supporting the warrant did not
establish probable cause.  On appeal, the
State contends that the trial court erred in granting the motion.  We hold that the trial court erred because the
affidavit supporting the warrant established probable cause.  We therefore reverse and remand for further
proceedings.  

Background

In February 2009, Houston Police
Department Officer J. Dunn submitted an affidavit to obtain a search warrant
for an apartment on Lockwood Drive in Harris County, Texas.  In the affidavit, he stated that he had
probable cause to believe that two men were selling illegal narcotics— specifically,
crack cocaine —from the apartment. He provided the following probable cause
statement for this belief:   

I received information that [an unknown black male and
another male known as “Shakey” were] selling illegal narcotics from [the
Lockwood Drive apartment].  The
information was received through a citizen complaint.  I also received information regarding the
location from a confidential informant.

 

Within the last 48 hours, I personally met with a
credible and reliable informant, who for reasons of personal safety and
security shall remain unnamed throughout this affidavit.  This confidential informant has seen crack
cocaine by sight and smell.  The
informant has provided Officer M. Sinegal with the Houston Police Department
Narcotics Division with narcotics information on many occasions that was proven
to be true and correct.  Officer M.
Sinegal and the [i]nformant have worked together for several years and as a
result of the informant’s information, Officer Sinegal has recovered large
quantities of illegal narcotics. 

 

Officer Sinegal and I met with the confidential
informant in a secluded area and searched the confidential informant.  We did not find any money, contraband, or
weapons on the confidential informant.  I
provided the informant with a quantity of U.S. currency to be used in the
investigation.  Officer Sinegal and I
followed the informant to the suspected place. 
We watched as the informant walked directly to the door of said
suspected place.  Officer Sinegal watched
as the suspected person unlocked the burglar bars on the door and walked inside
the apartment unit.  Officer Sinegal
observed the informant enter suspected place. 
The informant left said suspected place and returned to Officer Sinegal
and [me].  

 

The confidential informant relayed the facts described
below to me: The confidential informant met with suspected party “Shakey”.  The informant stated the male “Shakey” opened
the deadbolt on the burglar bar with a key and then walked inside [the Lockwood
Drive apartment].  The suspected party
asked the informant how much he wanted. 
The informant walked into [the] apartment . . . and asked the suspected
party for a quantity of crack cocaine. 
The suspected party removed the quantity of crack cocaine from a clear
bag and gave the quantity to the informant. 
The informant observed what was described as a “cookie like object” left
inside the clear bag.  The informant stated
that [he/she] has seen the cookie objects before and knows them to be crack
cocaine.

 

The informant observed an unknown black male inside
apartment . . . who was sitting near a semi-[automatic] pistol which was in arm[’]s
reach of the unknown male.  The informant
stated that the suspected party and others that frequent the suspected place
are known to carry weapons.  The
informant has seen pistols inside the suspected place on numerous prior
occasions.  The informant stated that the
suspected party always has crack cocaine and other illegal narcotics inside the
suspected place.  The informant stated
that the suspected party told the informant if he/she needed more to come by
again.  

 

The informant returned to
Officer Sinegal and [me] and handed me the quantity of crack cocaine.  I field tested the quantity and determined it
tested positive.  Officer Sinegal again
searched the informant and found no weapons, money, and[/]or
contraband. 

 

          Based on the affidavit, a magistrate
judge issued a search warrant for the apartment.  Officer Dunn executed the warrant and seized
31 grams of crack cocaine, 28 grams of powder cocaine, 50 grams of marijuana, 1.8 grams of ecstasy, a 22-caliber pistol and a digital
scale.  Upon execution of the warrant and
recovery of the contraband, officers arrested Hart.  A grand jury indicted Hart for the felony
offense of possession with intent to deliver between four and 200 grams of
cocaine.   

          Hart
moved in the trial court to suppress all evidence seized as a result of the
search of the Lockwood Drive apartment.  After
a hearing, the trial court granted Hart’s motion, concluding that Officer
Dunn’s affidavit failed to establish probable cause to issue a search warrant
for the apartment.  See Massey v. State,
933 S.W.2d 141, 148 (Tex. Crim. App. 1996).   

 

Discussion

          On
appeal, the State contends that the trial court erred in granting Hart’s motion
to suppress.  According to the State, the
trial court did not properly defer to the magistrate’s finding of probable
cause, or accord reasonable inferences that the magistrate could have made in
finding the affidavit sufficient.  We
agree.    

Standard of Review 

          In
reviewing the trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review.  Carmouche
v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000); McKissick v.
State, 209 S.W.3d 205, 211 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).
 We defer to the trial court’s
determination of historical facts that depend on credibility, while we review
de novo the trial court’s application of the law to those facts.  Carmouche, 10 S.W.3d at 327.   Appellate
review of an affidavit in support of a search warrant, however, is not de novo;
rather, a trial court and subsequent courts should greatly defer to the
magistrate’s determination of probable cause.  Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317,
2331 (1983); Uresti v. State,
98 S.W.3d 321, 334 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Probable cause to support the issuance of a
search warrant exists when the facts submitted to the magistrate are sufficient
to justify a conclusion that the object of the search is probably on the
premises to be searched at the time the warrant is issued.  Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App.
1986); McKissick, 209 S.W.3d at 211.

          An
affidavit submitted in support of a search warrant must set forth facts
sufficient to establish probable cause that (1) a specific offense has been
committed; (2) the specifically described property or items to be searched for
or seized constitute evidence of that offense; and (3) the property or items constituting
such evidence are located at the particular place to be searched.  Tex. Code Crim. Proc. Ann. art.
18.01(c) (Vernon Supp. 2010).  Whether the facts mentioned in the affidavit
are adequate to establish probable cause depends on the totality of the
circumstances.  Ramos
v. State, 934 S.W.2d 358,
362-63 (Tex. Crim. App. 1996).  We
examine only the four corners of the affidavit to determine whether probable
cause exists.  Massey, 933 S.W.2d at 148;
Wilson, 98 S.W.3d at
270-71.  Statements made during the
hearing on a motion to suppress thus do not factor into the probable cause
determination.  A magistrate may draw reasonable
inferences may from the affidavit, and we interpret it in a common-sense and
realistic manner.  Wilson, 98 S.W.3d at 271.

 

 

Did the Trial Court Err
in Granting Hart’s Motion to Suppress? 

          a. Observation of the Controlled Buy

          The
State maintains that Officer Dunn’s affidavit contained probable cause to issue
the search warrant because the affidavit described a controlled buy by the
informant at the apartment to be searched.  We previously have held that the circumstances
of a single controlled buy, standing alone, can be sufficient to confirm an
informant’s story, and support probable cause to issue a search warrant.  See Sadler v. State, 905 S.W.2d 21, 22 (Tex.
App.—Houston [1st Dist.] 1995, no pet.); see
also Ford v. State, 179 S.W.3d 203, 212-213 (Tex. App.—Houston [14th Dist.]
2005, pet. ref’d).  In Sadler, the officer stated in the affidavit
that the officers had searched the informant before sending him to purchase the
drugs and the officers kept him in view as he walked to and from the suspected
premises.  905 S.W.2d
at 22.  In addition, the informant
reported seeing contraband on the premises.  Id.

          Similarly,
Officer Dunn’s affidavit in this case detailed a controlled buy of crack
cocaine from the Lockwood Drive apartment. 
The affidavit states that Officers Dunn and Sinegal searched the
informant for contraband before the buy and gave him money to purchase drugs
from a suspect inside the apartment.  The
officers watched the informant walk directly to the door of the apartment.  The informant told the officers that he then entered
the apartment and handed Hart money in exchange for a quantity of crack cocaine.  Hart then told the informant that he should
return to the apartment if he needed more crack cocaine, and the informant
observed that crack cocaine in the form of a cookie-like object remained at the
apartment after he left.  The officers later
identified the substance the informant purchased as crack cocaine.  

          These
facts support a reasonable inference that cocaine was available for sale within
the place named in the warrant.  Thus,
facts existed within the four corners of the affidavit from which the issuing
magistrate could reasonably infer that the informant had purchased crack cocaine
inside the place named in the search warrant. 
See Sadler, 905
S.W.2d at 22; see also Ford, 179
S.W.3d at 212-213 (concluding that affidavit supported finding of probable
cause to search apartment because it detailed controlled buy in which officers searched
informant for contraband before purchase of drugs, and informant entered
suspect’s apartment and received drugs in exchange for money).  

          In
response, Hart maintains that the circumstances of the controlled buy were
insufficient to confirm the informant’s story, contending that Officer Dunn’s
affidavit refers to circumstances during the buy that Officer Sinegal, not
Officer Dunn, observed.  The pertinent
part of the affidavit states: 

Officer Sinegal and I followed the informant to the
suspected place.  We watched as the
informant walked directly to the door of said suspected place.  Officer Sinegal watched as the suspected
person unlocked the burglar bars on the door and walked inside the apartment
unit.  Officer Sinegal observed the
informant enter suspected place.  The
informant left said suspected place and returned to Officer Sinegal and [me].

 

Using common sense and a realistic
interpretation of this passage, the issuing magistrate reasonably could have
inferred that Officer Dunn also was present at the controlled buy and witnessed
the event in its entirety.  They watched
the events together and the informant stood with both officers before and after
the buy.  Although he did not include
“and I” in each sentence, the magistrate could have inferred Officer Dunn’s
presence during the whole transaction from the first and last sentences.  See Wilson, 98 S.W.3d at 271; see
also Gates, 462 U.S.
at 235, 103 S. Ct. at 2330–31 (“Affidavits are normally drafted by nonlawyers
in the midst and haste of criminal investigation.  Technical requirements of elaborate
specificity . . .  have no proper place
in this area.”) (citations omitted).  Thus, the magistrate had a substantial basis
to support the inference that the informant had purchased crack cocaine inside
the apartment and that probable cause existed to issue the warrant.  See Gates, 462 U.S. at 238, 103 S. Ct. at 2332.  

          

          b. Reliability of the Confidential
Informant 

          Hart
further contends that Officer Dunn’s affidavit did not establish the
reliability of the confidential informant and thus failed to establish probable
cause.  Specifically, he maintains the
affidavit did not establish the reliability of the informant because: (1) it is
unclear from the affidavit whether one or two confidential informants gave
Officer Dunn information; (2) the affidavit provides no explanation how the
informant identified the crack cocaine; and (3) it is unclear from whom Officer
Dunn learned about the informant’s reliability, knowledge of narcotics, and
previous work with law enforcement.[1]  

          An
informant’s veracity, reliability, and basis of knowledge are highly relevant
in reviewing the sufficiency of an affidavit, but these elements are not each
independent requirements. Gates, 462 U.S. at 230, 103 S. Ct. at 2328.  Allegations that the informant has proven
reliable on previous occasions may establish an informant’s credibility.  Avery v. State, 545 S.W.2d 803, 804 (Tex. Crim.
App. 1977).  The magistrate may
also rely on the experience and pertinent expertise of an affiant in evaluating
the informant’s report.  Hackleman v. State, 919
S.W. 2d 440, 447 (Tex. App.—Austin 1996, pet. ref’d).   

          An
affidavit in support of a warrant to search for narcotics need not provide more
specific details regarding the informant’s reliability than to state the
informant had given information in the past regarding narcotics trafficking
which had proved correct. Torres v. State, 552 S.W.2d 821, 824 (Tex. Crim.
App. 1977).  Further, because such
a statement indicates an informant’s familiarity with controlled substances, reviewing
courts require no further details to spell out an informant’s qualifications in
recognizing drugs.  Id.

          The
affidavit here reveals the following about the reliability of the informant:
(1) the informant provided Officer Sinegal with narcotics information over
several years that was proven correct and resulted in the recovery of a large
quantity of narcotics; (2) the informant participated in a controlled buy with
Officers Dunn and Sinegal that resulted in the purchase of crack cocaine from
the suspected place and party; and (3) the informant had seen crack cocaine
before and could readily identify it.  The
magistrate judge properly concluded that this information sufficiently
established the informant’s reliability. 
See Torres, 552 S.W.2d at 824.  Compare Blake v. State, 125 S.W.3d 717,
727 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (finding affidavit indicated
confidential informant’s reliability because informant had provided information
used by police officers other than the affiant to execute search warrants,
arrest defendants, and seize drugs) with State
v. Davila, 169 S.W.3d 735, 739 (Tex. App.—Austin 2005, no pet.) (finding affidavit did not establish confidential informant’s
reliability because although affiant said that informant had previously given
him narcotic trafficking information, he did not say whether that information
had led to seizure of controlled substances).    

          Although Hart contends that the
affidavit is unclear about from whom Officer Dunn learned about the informant’s
knowledge of narcotics and previous work with law enforcement, the issuing magistrate
reasonably could have inferred that Officer Sinegal had informed Dunn about the
informant’s knowledge and previous work with him from the statement that the
two officers had worked on the investigation together.  See Hackleman,
919 S.W.2d at 447.  Likewise, the issuing magistrate reasonably could
infer from the affidavit that that only one informant was involved because
nothing in the affidavit indicated that more than one informant provided
information.  See Blake, 125 S.W.3d at 727 (“[A]lthough appellant asserts that
the affidavit was unclear regarding how many confidential informants provided
information, the issuing magistrate, by interpreting in a common-sense and
realistic manner, could have reasonably inferred . . . that only one informant
was involved.”).  

          Having
determined that there was only one informant, and that the informant was
reliable, the issuing magistrate had a substantial basis to infer that the
affidavit was sufficient to establish probable cause to issue a search warrant.
 See Avery, 545 S.W.2d at 804-805; Gates, 462 U.S. at 238, 103 S. Ct. at 2332. 

Conclusion

          We
conclude that the trial court erred in granting the motion to suppress because
Officer Dunn’s affidavit supported the magistrate judge’s finding of probable cause
to search the apartment.  We therefore
reverse the judgment and remand the case for further proceedings.  

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Higley, and Bland.

Do not publish.   Tex. R. App. P. 47.2(b).

 











[1] In
the hearing on the motion to suppress, the trial court cited these same reasons
for granting the motion.