**Kenneth WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–00–00405–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 10, 2001.

Michael P. Fosher, Jim Leitner, Houston, for Appellant.

Calvin A. Hartmann, Assistant District Attorney, Houston, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

This is an appeal from the trial court's denial of appellant's motion to suppress. We conclude there was probable cause to support the search warrant; therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress. We affirm.

## BACKGROUND

The appellant was charged with possession of more than four grams but less than 200 grams of cocaine. The appellant filed a motion to suppress, asserting the affidavit in support of the search warrant did not set forth adequate probable cause. After the trial court denied the motion, appellant entered a plea of no contest, pursuant to a plea agreement. The waiver and judicial confession signed by appellant contained the following statement: "Further, I waive any right to appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." The trial court sentenced appellant in accordance with the agreement.

## WAIVER OF RIGHT TO APPEAL

As a preliminary matter, the State asserts appellant waived his right to appeal

when the trial court accepted the plea agreement. The State relies on *Blanco v. State*, 18 S.W.3d 218 (Tex.Crim.App.2000).

In *Blanco*, after the jury convicted the defendant, the defendant and State entered into an agreement under which the defendant promised not to appeal his conviction in exchange for the prosecution's promise to recommend to the trial court that it assess a sixteen-year sentence. The prosecution kept its end of the bargain, and the trial court followed the prosecution's sixteen-year sentence recommendation. Defendant, however, appealed his conviction.

The Court of Criminal Appeals noted that Texas law provides that a defendant in noncapital cases "may waive any rights secured him by law." *Blanco*, 18 S.W.3d at 219 (citing to Tex.Code Crim.Proc. 1.14(a) (Vernon Supp.2000)). The Court also acknowledged its holdings in *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim. App.1977) and *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex.Crim.App.1976), that a defendant's pretrial waiver of the right to appeal is not binding. *Blanco*, 18 S.W.3d at 219. The Court stated, however, "These decisions rest primarily on the rationale that a defendant's pretrial waiver of the right to appeal is involuntary and 'cannot be knowingly and intelligently made' because 'the defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during trial.'" *Id.* (quoting *Townsend*, 538 S.W.2d at 420).

The Court stated that the considerations that led to its decisions in pretrial-waiver-of-the-right-to-appeal cases such as *Townsend* were less compelling than in cases such as the one before it, at least

where the trial court followed the prosecution's sentencing recommendation. *Id.* 219–220. The Court also distinguished *Thomas* on the facts, noting that in *Thomas* the defendant did not bargain for a sentencing recommendation from the prosecution in exchange for his waiver of the right to appeal. *Id.* at 220 (citing to *Thomas*, 545 S.W.2d at 470). The Court concluded there was no valid or compelling reason not to hold the defendant to his bargain. *Id.*

In *Bushnell v. State*, 975 S.W.2d 641, 644 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd), the court of appeals dismissed an appeal for want of jurisdiction, holding that a waiver similar to the one in *Blanco* was valid and the defendant should be held to his bargain. The Houston court stated that the rationale for the rule in *Thomas* was based upon three concerns at the time the waiver was made: (1) the right to appeal had not yet matured, (2) the defendant had no way of knowing with certainty the punishment that would be assessed, and (3) he could not anticipate the errors that might occur during the plea proceeding. *Bushnell*, 975 S.W.2d at 643; *see also Blanco v. State*, 996 S.W.2d 345, 346 (Tex. App.—Texarkana 1999) (citing with approval to *Bushnell* ), *aff'd*, 18 S.W.3d 218 (Tex.Crim.App.2000).

■ We interpret *Blanco* as standing for the proposition that when a defendant enters into a plea agreement that includes a waiver of appeal, and the trial court accepts the plea agreement, the defendant has waived his right to appeal if (1) the right to appeal has not yet matured, (2) he knew with certainty the punishment that would be assessed,[1] and (3) he could antici-

---

1. In August of 1977, the law changed with respect to negotiated pleas. Texas Code of Criminal Procedure article 26.13 was amended to require the trial court to "inquire as to the existence of any plea bargaining agreements, ... inform the defendant whether it will follow or reject such agreement ... [and should] the court reject any such agreement, the defendant shall be permitted to withdraw

*his plea ...."* Act of May 13, 1977, 65th Leg., R.S., ch. 280, § 1, 1977 Tex.Gen.Laws 748 (emphasis added) (current version at Tex.Code Crim.Proc.Ann. art. 26.13(a)(2) (Vernon Supp. 2000)). Therefore, if the court accepts his plea, a defendant knows that the punishment assessed against him will be the same punishment he agreed to during the plea negotiations.

pate the errors that might occur during the plea proceeding.

Here, the right to appeal had not yet matured, the appellant knew with certainty what his punishment would be if the trial court accepted the plea agreement, and he could have anticipated any alleged error with regard to the trial court's denial of his motion to suppress. Therefore, under *Blanco,* the appellant waived his right to appeal. However, we note that *Blanco* issued after the plea proceedings in this case. Therefore, in the interest of fairness, we will consider the merits of appellant's appeal.

## MOTION TO SUPPRESS

Appellant asserts the trial court erred in denying his motion to suppress because the affidavit in support of the search warrant did not establish probable cause. In support of his motion to suppress, appellant filed a "Motion for Evidentiary Hearing" in which he contended the statements made by the affiant and the confidential informant were false.

In reviewing a trial court's denial of a motion to suppress, we "must be deferential to the trial court's judgment, not only as to historical facts, but also as to the legal conclusions to be drawn from the historical facts." *DuBose v. State,* 915 S.W.2d 493, 497 (Tex.Crim.App.1996). We review the trial court's decision for abuse of discretion, reversing the court's decision only when it "applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion." *Id.* at 497–98.

Probable cause to support the issuance of a search warrant exists where the facts given to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Ramos v. State,* 934 S.W.2d 358, 363 (Tex.Crim.App.1996). A reviewing

court looks at the totality of the affidavit to determine if sufficient facts have been alleged to support probable cause for a warrant to be issued. *Illinois v. Gates,* 462 U.S. 213, 228–229, 103 S.Ct. 2317, 2326–27, 76 L.Ed.2d 527 (1983). Under this test, a reviewing court must determine whether the affiant's reliable and credible informant observed conduct that was more consistent with criminal than with innocent activity. *Hall v. State,* 795 S.W.2d 195, 197 (Tex.Crim.App.1990). The magistrate is permitted to draw reasonable inferences from the facts and circumstances alleged. *Ramos,* 934 S.W.2d at 363. Reviewing courts should accord great deference to the magistrate's determination. *Id.*

The affidavit reveals the following:

1. On September 28, 1999, a confidential informant told the affiant, Officer Thomas, that a black male was in possession of cocaine at his garage apartment located at 7819½ Brumblay, Harris County, Texas.

2. The informant was reliable and credible, having provided Thomas with information on at least fifteen other occasions, which proved to be true and led to arrests.

3. Thomas verified the existence of a garage apartment located behind a residence at 7819 Brumblay.

4. Deputy P. Askew of the Harris County Sheriff's Department utilized the confidential informant to make a controlled buy of cocaine by sending the informant to the garage apartment.

5. Askew field-tested the yellow rock-like substance brought back from the garage apartment by the informant and confirmed the substance was cocaine weighing approximately five grams.

6. The informant told Askew he was familiar with cocaine and had used crack cocaine in the past. He told Askew he saw crack cocaine on a

table while he was inside the garage apartment.

7. The informant described the person who sold him the cocaine as a black male, six feet tall, and weighing 400 pounds.

Based on these recitations, Thomas requested a search warrant on September 30, 1999, for the garage apartment. At the suppression hearing, appellant offered no evidence to contradict the allegations in the affidavit.

To be sufficient, these allegations must support a probable cause finding that the items to be seized—cocaine, marijuana, and other controlled substances—would be on the property at the time the warrant was issued. We find that, in their totality, the allegations are sufficient. Accordingly, the trial court did not abuse its discretion in denying the motion to suppress.

### CONCLUSION

We affirm the trial court's judgment.

Dissenting opinion by: SARAH B. DUNCAN, Justice.

I must respectfully dissent. The proper disposition of this appeal is dismissal without consideration of the merits. *Blanco v. State*, 18 S.W.3d 218 (Tex.Crim.App.2000).