ACCEPTED
01-14-00748-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/18/2015 2:03:59 PM
CHRISTOPHER PRINI
CLERK

## NO. 01-14-00748-CR

## IN THE COURT OF APPEALS
## FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
## AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/18/2015 2:03:59 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| **JAMES LEE SKINNER** | § | **APPELLANT** |
| | § | |
| **VS.** | § | |
| | § | |
| **THE STATE OF TEXAS** | § | **APPELLEE** |

_____

## APPEAL FROM CAUSE NO. 1315689
## IN THE 183RD DISTRICT COURT
## OF HARRIS COUNTY, TEXAS

_____

## APPELLANT'S BRIEF

_____

**NORMAN J. SILVERMAN**
**Texas Bar No. 00792207**
**917 Franklin, 4th Floor**
**Houston, Texas 77002**
**(713) 526-1515**
**(713) 526-1798 (FAX)**
**lawyernorm@msn.com**
**ATTORNEY FOR APPELLANT**

**APPELLANT REQUESTS ORAL ARGUMENT**

## Identity of Parties and Counsel

The following is a complete list of all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel:

James Lee Skinner        -        Appellant.

State of Texas        -        Appellee.

Norman J. Silverman        -        Appellant's retained counsel at trial
917 Franklin, 4th Floor                and on appeal.
Houston, Texas 77002

Anthony Robinson        -        Assistant District Attorney at trial.
1201 Franklin
Houston, Texas 77002

Alan Curry        -        Assistant District Attorney on appeal.
1201 Franklin
Houston, Texas 77002

Hon. Jay W. Burnett        -        Trial Judge.

# Contents

*Page*

Identity of Parties and Counsel ................................................................. ii

Table of Contents .................................................................................... iii

List of Authorities ................................................................................... iv

Statement of the Case ...............................................................................1

Issues Presented.......................................................................................1

      Issue One:  The warrant is invalid because the affidavit does not provide a timeframe for the relevant facts.

      Issue Two:  The warrant is invalid because it contains material misstatements or omissions made intentionally or with reckless disregard for the truth.

      Issue Three:  The trial court abused its discretion in denying the motion for disclosure of the informant's identity.

Summary of the Arguments ........................................................................2

Facts .....................................................................................................3

Arguments and Authorities ........................................................................8

      Issue One:  Sufficiency of the Warrant Affidavit.............................................8

            A.  Standard of Review ..........................................................8

            B.  The affidavit fails to provide an adequate recitation of the timeframe for the relevant facts  ...........................8

      Issue Two:  *Franks* Claim .......................................................................16

A. Standard of Review ..................................................................16

B. The affidavit contains intentionally or recklessly made
misstatements/omissions ...........................................................17

C. The remainder of the affidavit is insufficient to establish
probable cause ..........................................................................20

Issue Three: Disclosure of the Informant's Identity......................................24

A. Standard of Review ..................................................................24

B. Applicable Law........................................................................24

Prayer ........................................................................................................28

Certificate of Service....................................................................................29

Certificate of Compliance .............................................................................29

## List of Authorities

**Cases:**

*Blake v. State*,
125 S.W.3d 717 (Tex. App.-Houston [1st Dist.] 2003, no pet.) ..................17, 18

*Flores v. State*,
827 S.W.2d 416 (Tex. App.-Corpus Christi 1992, pet. ref'd) ............................9

*Ford v. State*,
179 S.W.3d 203 (Tex. App.–Houston [14 Dist.] 2005, pet. ref'd) ...............12, 21

*Franks v. Delaware*,
438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) .................................*passim*

*Gonzales v. State*, 577 S.W.2d 226 (Tex. Crim. App. 1979) ...................................11

*Haggerty v. State*,
     429 S.W.3d 1 (Tex. App.-Houston [14th Dist.] 2013, pet. ref'd) .......................26

*Harris v. State*,
     184 S.W.3d 801 (Tex.App.-Fort Worth 2006),
     *rev'd on other grounds*, 227 S.W.3d 83 (Tex.Crim.App.2007) ...................20, 21

*Harris v. State*, 227 S.W.3d 83 (Tex. Crim. App. 2007) ..................................17, 20

*Harris v. State*,
     905 S.W.2d 708 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd) .............18, 19

*Johnson v. State*,
     2001 WL 665546 (Tex. App. - El Paso 2001, no pet.)
     (not designated for publication) ........................................................................18

*Johnson v. State*, 68 S.W.3d 644 (Tex. Crim. App. 2002) ......................................16

*Jones v. State*, 364 S.W.3d 854 (Tex. Crim. App. 2012) ................................*passim*

*Jones v. State*,
     944 S.W.2d 642 (Tex. Crim. App.1996),
     *cert. denied,* 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997) ...................24

*McClintock v. State*, 444 S.W.3d 15 (Tex. Crim. App. 2014) .................................20

*Melton v. State*,
     750 S.W.2d 281 (Tex. App.-Houston [14th Dist.] 1988, no pet.).......................18

*Norris v. State*,
     1992 WL 234902 (Tex. App.- Houston [1st Dist.] 1992, pet. refd )
     (not designated for publication) .......................................................................19

*Peltier v. State*, 626 S.W.2d 30 (Tex. Crim. App. 1981) ..........................................10

*Richardson v. State*, 622 S.W.2d 852 (Tex. Crim. App. 1981) ...............................21

*Robinson v. State*,
2002 WL 595137 (Tex.App.-Hous. [1st Dist.] 2002, pet. ref'd)
(not designated for publication) ........................................................................22

*Rodriguez v. State*, 232 S.W.3d 55 (Tex. Crim. App. 2007) ....................................9

*Sadler v. State*,
905 S.W.2d 21 (Tex.App.-Houston [1st Dist.] 1995, no pet.) .....................12, 21

*Salazar v. State*,
806 S.W.2d 291 (Tex.App.—Amarillo 1991, no pet.) ......................................21

*Sanchez v. State*,
98 S.W.3d 349 (Tex. App.- Houston [1st Dist.] 2003, pet. ref'd) ..............*passim*

*Schmidt v. State*, 659 S.W.2d 420 (Tex. Crim. App. 1983) ......................................9

*Sherlock v. State,* 632 S.W.2d 604 (Tex. Crim. App. 1982) ...................................11

*Smith v. State*,
2002 WL 31264854 (Tex. App.- Houston [1 Dist.] 2002, pet. ref'd) ...............22

*State v. Duarte*, 389 S.W.3d 349 (Tex. Crim. App. 2012) .........................................9

*State v. Griggs*,
352 S.W.3d 297 (Tex. App.–Houston [14 Dist.] 2011, pet. ref'd.) ............*passim*

*State v. McLain*, 337 S.W.3d 268 (Tex. Crim. App. 2011) ............................*passim*

*State v. Verde*, 432 S.W.3d 475 (Tex. App.–Texarkana 2014, pet. ref'd) ..............18

*Swearingen v. State*, 143 S.W.3d 808 (Tex. Crim. App. 2004) ................................8

*Taylor v. State*, 604 S.W.2d 175 (Tex. Crim. App. [Panel Op.] 1980) ...................24

*United States v. Cronan*, 937 F.2d 163 (5th Cir. 1991) .....................................17, 19

*United States v. Martin*, 615 F.2d 318 (5th Cir. 1980) ....................................17, 19

*United States v. Shamaeizadeh,* 80 F.3d 1131 (6th Cir. 1996) ..............................20

*Wall v. State*, 184 S.W.3d 730 (Tex. Crim. App. 2006) ..........................................17

*Williams v. State*,
    37 S.W.3d 137 (Tex.App.-San Antonio 2001, pet. ref'd) ............................22, 23

## Statutes, Codes and Constitutional Provisions:

TEX. R. APP. P. 44.2 ............................................................................................27

TEX. R. APP. P. 9.4 ..............................................................................................29

TEX. R. EVID. 508 ........................................................................................*passim*

TEX.CODE CRIM. PROC. ANN. art. 1.06 ...................................................................9

TEX.CODE CRIM. PROC. ANN. art. 18.01...................................................................9

TEX. CONST. art. I, § 9............................................................................................9

U.S. CONST. amend. IV ..........................................................................................8

**To the Honorable Justices of the Court of Appeals:**

## Statement of the Case

Appellant was charged by information with the first degree felony offense of possession with intent to deliver methamphetamine, weighing between 4 and 400 grams, alleged to have occurred on August 5, 2011. CR15. Appellant filed pretrial written motions to suppress evidence and to compel disclosure of a confidential informant. CR33; 2RR5. The trial court conducted hearings then denied the motions. 4RR5-9. Appellant entered a plea of guilty to the reduced charge of second degree possession of methamphetamine without an agreed recommendation for punishment. CR218. The trial court sentenced Appellant to a ten year term of deferred adjudication probation. CR218. Appellant filed timely written notice of appeal, and the trial court certified his right to appeal. CR225, 227.

## Issues Presented

Issue One: The warrant is invalid because the affidavit does not provide a timeframe for the relevant facts.

Issue Two: The warrant is invalid because it contains material misstatements or omissions made intentionally or with reckless disregard for the truth.

Issue Three: The trial court abused its discretion in denying the motion for disclosure of the informant's identity.

1

# Summary of the Arguments

Issue One:  The trial court erred in denying the motion to suppress because the warrant affidavit fails to provide probable cause. The only fact supporting probable cause is the description of a controlled buy, but the affidavit does not indicate when the controlled buy occurred. Moreover, the affidavit does not provide facts from any other source indicating ongoing narcotics activity at the suspected premises. Accordingly, the affidavit fails to provide a substantial basis for finding probable cause.

Issue Two:  The trial court erred in denying Appellant's challenge of the warrant on the grounds that the affidavit contains material misstatements and omissions. The affidavit states that the affiant "checked" the informant for narcotics prior to the controlled buy, but the affiant testified that her simple pat-down of the informant's outer clothing would not reliably reveal small quantities of narcotics. Because the controlled buy was the only fact provided in support of the issuance of the warrant, the misstatements/omissions regarding the effectiveness of the search are material to the finding of probable cause. Accordingly, the warrant was invalid and the evidence seized pursuant to the warrant must be suppressed.

Issue Three:  Appellant asserts that the trial court abused its discretion in denying the motion for disclosure of the identity of the informant. The informant's

identity must be disclosed because Appellant was away from his residence at the time of the alleged "controlled buy;" accordingly, the informant's testimony is relevant to a determination of guilt or innocence, as well as to the legality of the means by which the evidence was obtained.

## Facts

On August 4, 2011, a search and arrest warrant was issued for Appellant's residence located at 4810 Hazard in Houston. The affidavit, authored by HPD Officer Brenda McCord, provided the following factual basis:

> Within the past forty eight (48) hours, Houston Police Sergeant J. Yencha and your Affiant met with a credible and reliable confidential informant regarding narcotics activity at 4810 Hazard located in Houston, Harris County, Texas. Affiant has worked with the confidential informant on previous occasions and the information provided by this confidential informant has proven to be true and correct and the information has led to felony arrests.
>
> Affiant did not find any illegal narcotics and money after checking the confidential informant during the meeting and before and after the investigation. Affiant provided the confidential informant with a quantity of City of Houston money and instructed the confidential informant to go to 4810 Hazard, Houston, Harris County, Texas and attempt to purchase methamphetamine from the residence. Affiant followed the confidential informant to the residence while Sergeant Yencha maintained visual surveillance from a nearby location. Affiant watched as the confidential informant arrived and entered into the residence without making any stops. Shortly thereafter, Sergeant Yencha and I saw the confidential informant leave the residence. Affiant immediately followed the confidential informant directly to the preselected location without making any stops.

The confidential informant handed Affiant a clear plastic bag with a crystal like substance that resembled methamphetamine. According to the confidential informant, he/she asked the white male known as "James Skinner" for methamphetamine. The confidential informant told Affiant the white male known as "James Skinner" handed him/her a quantity of methamphetamine in exchange for the City of Houston money. The confidential informant stated that this white male known as "James Skinner" sold him/her the methamphetamine. The white male known as "James Skinner" advised the confidential informant that he had more methamphetamine and that he/she could come back anytime to get more methamphetamine.

The confidential informant told Affiant that he/she has seen methamphetamine on numerous occasions and can recognize methamphetamine by odor and sight. Affiant conducted a field test on the substance believed to be methamphetamine the confidential informant purchased from the white male known as "James Skinner" from 4810 Hazard and found that it contained methamphetamine substances.

DX1 at 3-4. Upon execution of the warrant, the police seized several controlled substances, including methamphetamine, marijuana, and GHB. DX1 at 5.

Appellant moved to suppress the products of the search warrant on two grounds. First, the affidavit is insufficient to provide probable cause because it fails to provide a timeframe for the relevant facts. 2RR13; 4RR6-8. Second, the warrant is invalid, pursuant to *Franks v. Delaware*,[1] because the affidavit contains knowingly or recklessly made, material misstatements and omissions with regard to the controlled buy. 2RR13. In support of this ground, Appellant supplied affidavits and documentary evidence, which were admitted into evidence during a hearing on

4

the motion, showing that he was not at home at the time that, according to the police offense report, the controlled buy occurred.

The offense report of Officer McCord states that during the afternoon of August 3, 2011, she and Sergeant J. Yencha utilized a confidential informant to conduct a controlled buy of 1.04 grams of methamphetamine at 4810 Hazard. DX2 at 4-5. At the hearing on the motion to suppress, McCord testified that the controlled buy began at 4:50 p.m. or shortly thereafter. 2RR76. Neither McCord nor Yencha saw Appellant during the controlled buy; both officers testified that Appellant's vehicle was already at the residence when surveillance of the controlled buy began. 2RR23, 50. McCord testified that the informant was inside the residence for fifteen minutes. 2RR29.

Appellant submitted an affidavit stating that on August 3, 2011, he was away from his residence all afternoon. DX3. He left the residence around noon to run some errands. After the errands he met Nassim Joseph at 3:30 p.m. for a business lunch at Lupe Tortilla's Restaurant, located at Interstate 59 (Southwest Freeway) and Norfolk. The meeting lasted about two hours. From there Appellant went to a friend's apartment located near Mai's Restaurant, where he remained for about 30 minutes. Next Appellant went to his storage unit (Uncle Bob's) located near

---

[1] 438 U.S. 154, 164-65, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

Hillcroft and Interstate 59, where he remained for about an hour rearranging a record collection. Appellant averred that he did not meet anyone at his residence or sell methamphetamine to anyone on August 3, 2011. DX3 at 2.

Appellant submitted records from his cellular telephone service provider (AT&T) showing location data for his phone on August 3, 2011. DX4. A latitude and longitude coordinate search of the location data for consecutive calls occurring at 3:16 p.m. and at 4:51 p.m. place the phone at Lupe Tortilla's Restaurant, located at 2414 Southwest Freeway. DX6 at 1. The next call occurred at 5:57 p.m. from 2918 Austin Street, a few blocks from Mai's Restaurant (3403 Milam Street). DX4; DX6 at 2.

Appellant submitted the affidavit of Nassim Joseph corroborating Appellant's averment that they met for lunch at 3:30 p.m. on August 3, 2011 at Lupe Tortilla's Restaurant located on the Southwest Freeway. DX7. Joseph averred that the lunch lasted at least two hours during which they discussed Appellant performing as DJ at Joseph's nightclub ("Rich's") for an upcoming Halloween event. DX7. Joseph's averments are corroborated by a calendar record in his AT&T account (att.net) showing the entry "Lunch w/jimmy Skinner" at 3:30 p.m. on Wednesday, August 3, 2011. DX8.

Officer McCord testified that the search of the informant preceding the controlled buy consisted of a pat-down. 2RR87. McCord acknowledged that a simple pat-down of outer clothing would not reliably reveal small quantities of contraband:

> Q.　And of course, if you were patting somebody down and they had a small plastic baggie with meth in it, that's not something that you will really feel in a pat-down, is it?
>
> A.　Possibly.
>
> Q.　Sure, possibly. But not likely, right?
>
> A.　Depends.

2RR87.

The trial court denied the motion to suppress and expressly adopted the State's Proposed Findings of Fact and Conclusions of Law with regard to the *Franks* allegations. 4RR5, 8.

Appellant also moved for disclosure of the identity of the informant on the grounds that the informant could provide material testimony on the issue of guilt and the issue of the validity of the warrant. 2RR123-125. The trial court conducted an *in camera* hearing with the informant (RR Volume 3 – Sealed). The trial court denied the motion to compel disclosure of the informant, ruling that the informant's testimony would not significantly aid the defense. 4RR9.

## Arguments and Authorities

### Issue One:
### The warrant is invalid because the affidavit does not provide a timeframe for the relevant facts.

#### A. Standard of Review

Due to the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search, a trial court's determination whether probable cause exists to support the issuance of a search warrant is subject to a highly deferential standard of review, constrained solely to the "four corners" of the probable cause affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). An appellate court should uphold the magistrate's probable cause determination if it finds the affidavit in support of the warrant provides the magistrate a "substantial basis" for concluding that probable cause existed. *McLain*, 337 S.W.3d at 271. Under this highly deferential standard, the court interprets the supporting affidavit in a commonsensical and realistic manner, and defers to all reasonable inferences that the magistrate could have made. *McLain*, 337 S.W.3d at 271.

#### B. The affidavit fails to provide an adequate recitation of the timeframe for the relevant facts.

The Fourth Amendment requires that "[n]o warrants shall issue, but upon probable cause, supported by [o]ath or affirmation." U.S. CONST. amend. IV. Under

Texas law, no search warrant may issue without a sworn affidavit that sets forth facts sufficient to establish probable cause. TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005), art. 18.01(b), (c) (West Supp. 2013); see TEX. CONST. art. I, § 9. Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location at the time the warrant is issued. *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). Probable cause is a "flexible and non-demanding standard." *McLain*, 337 S.W.3d at 272 (Tex. Crim. App. 2011) (citing *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)).

A magistrate must be able to ascertain from the affidavit the closeness of time of the event that is the basis for probable cause sufficient to issue the warrant based on an independent judgment of probable cause. *See, e.g., Schmidt v. State*, 659 S.W.2d 420, 421 (Tex. Crim. App. 1983). The facts stated in a search affidavit "must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified." *McLain* at 272 (quoting *Flores v. State*, 827 S.W.2d 416, 418 (Tex. App.-Corpus Christi 1992, pet. ref'd)).

The affidavit authored by Officer McCord states that a meeting occurred with a confidential informant "within the past 48 hours." DX1 at 3-4. But the affidavit does not recite any information obtained from the informant during the meeting.

There is no allegation of any tip that Appellant was selling narcotics or that that narcotics were being sold from or possessed within 4810 Hazard.

In a separate paragraph the affidavit describes a controlled buy performed by the informant, but it does not state when it occurred. DX1 at 3-4. This paragraph opens with the statement that the informant was searched "during the meeting and before and after the investigation," indicating that "the investigation" occurred at a different time and possibly at a different location. But the affidavit fails to indicate when "the investigation" occurred relative to the meeting or to the submission of the warrant application. There are no words which might give clues as to the sequence of events, such as next, then, or thereafter. Even if it could be inferred that "the investigation" refers to the controlled buy described in the affidavit, the affidavit provides no facts establishing when such events occurred.

A reviewing court is not authorized to infer that the facts listed in a warrant affidavit occurred within a reasonable time period in the absence of a specific averment. In *Peltier v. State*, 626 S.W.2d 30, 32 (Tex. Crim. App. 1981), the Court invalidated a warrant issued on the basis personal observations of the affiant and a fellow detective because the affidavit failed to indicate when the observations were made. The Court rejected the State's argument that it could be inferred that the averments set forth were "recently observed," noting that such conclusion would be

"no more than speculation." *Id.* Because "the magistrate could not ascertain the closeness of time sufficient to issue the warrant based on an independent judgment of probable cause," the warrant was invalid. *Id.*

Similarly, in *Sherlock v. State,* 632 S.W.2d 604 (Tex. Crim. App. 1982), the warrant affidavit described an unnamed informant's report of witnessing a shooting and the perpetrator's confession. *Id.* at 608. Noting that there was "nothing in this statement to convey to a magistrate any definite idea as to when the alleged incident took place," the Court invalidated the warrant. *See also Gonzales v. State*, 577 S.W.2d 226, 228 (Tex. Crim. App. 1979) (affidavit in support of search warrant which did not say when the officers received the information from their informer nor when the informer obtained his information rendered the warrant invalid).

The only averment concerning the timing of the facts set forth in the affidavit is that a meeting with the informant occurred within the past 48 hours. The affidavit contains no facts from which one could ascertain when the alleged controlled buy occurred. Accordingly, the affidavit contains no facts supporting the conclusion that contraband was likely on the premises at the item of issuance.

Exacerbating this deficiency is the fact that the affidavit contains no other allegations of other sources of information concerning drug-trafficking activity at the location. Notably, the affidavit lacks any assertion that the alleged controlled

11

buy was preceded by a tip or the receipt of any information concerning drug sales or possession at the residence or by Appellant. The affidavit states that that officers met with the informant "regarding narcotics activity at 4810 Hazard" but does not recite any information that the informant might have provided on the subject. The circumstances of a controlled buy, standing alone, may corroborate an informant's tip and provide probable cause to issue a warrant. *See Ford v. State*, 179 S.W.3d 203, 212 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd); *Sadler v. State*, 905 S.W.2d 21, 22 (Tex.App.-Houston [1st Dist.] 1995, no pet.). But a single controlled buy, in the absence of a tip, does not corroborate anything and hence does not provide the same level of suspicion to support the issuance of a warrant. *See State v. Griggs*, 352 S.W.3d 297, 303 (Tex. App. –Houston [14th Dist] 2011, pet ref'd) ("tip combined with the subsequent controlled buy provides facts from which a magistrate could reasonably infer that the sale of cocaine was an ongoing enterprise rather than an isolated incident").

The Court of Criminal Appeals emphasized the distinction between an affidavit that describes a single isolated event and one describing ongoing activity in *Jones v. State*, 364 S.W.3d 854 (Tex. Crim. App. 2012). The Court upheld the warrant, despite the fact that the affidavit failed to indicate when a controlled drug buy took place, because the affidavit included other facts that, in sequence,

indicated ongoing, protracted drug activity. Specifically, the Court relied upon the averment that the affiant had "recently" received information form at least two informants that the defendant was seen in possession of marijuana at his residence, in conjunction with the averment that the controlled buy was conducted by another informant "after" receiving the initial information. *Id.* at 858-859. The Court found this combination and sequence of information was sufficient to establish probable cause that a continuing drug business was being operated from the residence, "a secure operational base." *Id.* at 862-863. The Court noted that where the affidavit recites "a mere isolated violation," probable cause dwindles rather quickly with the passage of time; but where the affidavit recites facts consistent with ongoing drug activity the passage of time becomes less significant. *Id.* at 860-861. Where only one isolated violation is described, imprecision with respect to time becomes fatal because a court cannot ascertain whether or not the information is stale. *Id.* at 861.

That is the problem with the instant affidavit. It describes only one isolated incident – the controlled buy – and fails to indicate when that incident occurred. The affidavit supplies neither of the elements that saved the warrant in *Jones*. It fails to include information regarding drug activity from any other source, and it does not even indicate when the controlled buy occurred relative to the meeting with the informant or the submission of the warrant application.

Similarly, in *State v. McLain*, 337 S.W.3d 268, 270-273 (Tex. Crim. App. 2011), the Court of Criminal Appeals validated a warrant, despite the affidavit's imprecise recitation as to the timing of the relevant facts, because the affidavit recited information from numerous sources indicating ongoing narcotics activity. The only specific indication of a timeframe for the relevant facts was the statement: "In the past 72 hours, a confidential informant advised the Affiant that Chris was seen in possession of a large amount of methamphetamine at his residence and business." *Id.* The court of appeals had invalidated the warrant, focusing solely on the reference to the "past 72 hours" and finding that it referred to when the detective spoke to the informant, not to when the informant got the information about the defendant. *Id.* The Court of Criminal Appeals agreed that the plain meaning of the statement, read literally, failed to clearly indicate when the informant got the information. *Id.* at 272. But the Court found that "looking at the affidavit in its entirety, and not just this one sentence in isolation," the affidavit was sufficient. *Id.* at 273. The statement describing the information obtained in the "past 72 hours" followed a long detailed recitation of other information indicating ongoing narcotics trafficking, including: information from unknown callers through the crime line that the defendant "is" storing and selling methamphetamine at his residence; information from informants that the defendant "is" buying or

14

taking stolen items for payment on narcotics; information from informants that the defendant was a user of methamphetamine and associated with other users and dealers of methamphetamine; surveillance on the suspected place a showing some minute traffic by known users or dealers of narcotics, most heavy at night, which is very common in the use or sale of methamphetamine; and information from various informants that the defendant will hide or store the methamphetamine in all different kinds of places, from inside the residence and shop to the vehicles and trailers on property, or in loose bricks around a fireplace, or in toolboxes. *Id.* at 269-270. The Court found that, "considering all the facts in the affidavit along with reasonable inferences from those facts," it was reasonable for the magistrate to conclude that there was a fair probability that there was methamphetamine at the defendant's home at the time of the issuance of the warrant. *Id.* at 273.

The affidavit in the instant case falls far short of the affidavit in *McLain.* It lacks any information beyond the single controlled buy supporting an inference of ongoing drug trafficking, which was critical to the Court's holding in *McLain.* Additionally, in the *McLain* affidavit the reference to the "past 72 hours" occurs in the same sentence as the description of the first-hand information supplied by the informant, indicating that the affiant likely just misplaced the clause within the sentence. But in the instant affidavit, the statement "within the last 48 hours"

describes only a meeting the informant, whereas the facts of the controlled buy are described in a different paragraph.

Accordingly, the factual recitation in the affidavit, and the reasonable inferences from those facts, fail to provide a substantial basis for finding probable cause. The trial court erred in denying the motion to suppress.

**Issue Two:**
**The warrant is invalid because it contains material misstatements**
**or omissions made intentionally or with reckless disregard for the truth.**

### A.     Standard of Review

A trial court's decision on a *Franks* suppression issue is reviewed under a mixed standard of review: almost total deference is given to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, while application-of-law-to-fact questions that do not turn upon credibility and demeanor are reviewed *de novo*. *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

Appellant asserts that *de novo* review is appropriate here because no credibility determinations are at issue. Even assuming that the testimony of Officer McCord and Sergeant Yencha is credible and true, as found by the trial court in its adoption of the State's proposed fact findings (4RR5, 8; CR64), the affidavit fails to establish probable cause in light of the required *Franks* analysis. The *Franks*

16

"reckless disregard for the truth" standard is objective; accordingly, trial judges are no better equipped than are appellate judges to determine whether a reasonable person should have known that a statement was misleading. *United States v. Cronan*, 937 F.2d 163, 164 (5th Cir. 1991) (the requisite intent of "reckless disregard for the truth" may be inferred from objective criteria, namely, an affidavit omitting facts that are clearly critical to a finding of probable cause); *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006) (objective standards are reviewed *de novo*).

### B. The affidavit contains intentionally or recklessly made misstatements/omissions.

If a defendant establishes by a preponderance of the evidence that a false statement made knowingly, intentionally, or with reckless disregard for the truth was included in a probable cause affidavit and if it was material to establish probable cause, the false material must be excised from the affidavit. *Franks v. Delaware*, 438 U.S. 154, 164-65, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). If the remaining content of the affidavit does not then still establish sufficient probable cause, the search warrant must be voided, and the evidence resulting from that search excluded. *Franks*, 438 U.S. at 155–56; *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007).  Material omissions are treated the same as false statements. *United States v. Martin*, 615 F.2d 318, 328 (5th Cir.1980); *Blake v.*

17

*State*, 125 S.W.3d 717, 723–24 (Tex. App.-Houston [1st Dist.] 2003, no pet.);

*Melton v. State*, 750 S.W.2d 281, 284 (Tex. App.-Houston [14th Dist.] 1988, no

pet.). If a defendant establishes by a preponderance of the evidence that in a

probable cause affidavit, first, omissions of fact were made, and second, such

omissions were made intentionally or with a reckless disregard for the truth, the

warrant will be held invalid if the inclusion of the omitted facts would vitiate

probable cause. *State v. Verde*, 432 S.W.3d 475, 484 (Tex. App.–Texarkana 2014,

pet. ref'd).

The only fact supporting probable cause to issue the warrant is the

description of an alleged controlled buy by an informant from Appellant at his

residence. DX1 at 3-4. Officer McCord's affidavit states that "[a]ffiant did not find

any illegal narcotics and money after checking the confidential informant during the

meeting and before and after the investigation." During the *Franks* hearing, Officer

McCord testified that her simple pat-down of the informant prior to the controlled

buy would only "possibly" reveal a small quantity of methamphetamine. The

quantity turned over by the informant weighed 1.04 grams (2RR87; DX2 at 2);

courts have taken judicial notice that a gram is the quantity in a standard packet of

sugar-substitute. *See, e.g., Johnson v. State*, 2001 WL 665546, *3 (Tex. App. - El

Paso 2001, no pet.) (not designated for publication); *Harris v. State*, 905 S.W.2d

708, 712 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd). Such a small quantity could easily be concealed in socks, shoes, or undergarments, so as to avoid detection in a pat-down of outer clothing.

By averring that she did not find narcotics after "checking" the informant, McCord conveyed to the magistrate that she conducted a search that would be minimally effective and adequate to reveal the presence of small quantities of narcotics. Otherwise, the search would be pointless, and its inclusion in the affidavit meaningless. A reviewing court is required to assume that a magistrate will use her "experience and expertise" to construe statements so as to present relevant, rather than irrelevant, information. *McLain*, 337 S.W.3d at 273.

McCord misled the magistrate by conveying that she effectively searched the informant for contraband, or, alternatively, by failing to inform the magistrate that her chosen method of searching would only "possibly" reveal small quantities of drugs. The *Franks* rule applies to "both misstatements and misleading omissions, as well as outright falsehoods." *Norris v. State*, 1992 WL 234902, *3 (Tex. App.-Houston [1st Dist.] 1992, pet. refd ) (not designated for publication), citing *United States v. Cronan*, 937 F.2d 163, 165 (5th Cir. 1991) (omissions) and *United States v. Martin*, 615 F.2d 318, 328 (5th Cir. 1980) (misstatements and omissions).

McCord knew or should have known that the statement was misleading; it was at least reckless to include the statement without clarifying that the pat-down search was only "possibly" effective for purposes of detecting small quantities of narcotics.

**C. The remainder of the affidavit is insufficient to establish probable cause.**

If the remaining content of the affidavit does not establish sufficient probable cause, the search warrant must be voided, and the evidence resulting from that search excluded. *Franks*, 438 U.S. at 155–56; *Harris,* 227 S.W.3d at 85. When evaluating residual probable cause in circumstances where part of a warrant affidavit must be excluded from the calculus, such evaluation is conducted without any deference to the magistrate. *McClintock v. State*, 444 S.W.3d 15, 20-21 (Tex. Crim. App. 2014); *see also United States v. Shamaeizadeh,* 80 F.3d 1131, 1135-36 (6th Cir. 1996) (review of probable cause in those cases involving affidavits redacted pursuant to *Franks* is *de novo*).

Without a reasonably effective search, a "controlled buy" is not controlled. In *Harris v. State*, 184 S.W.3d 801 (Tex.App.-Fort Worth 2006), *rev'd on other grounds*, 227 S.W.3d 83 (Tex.Crim.App.2007), a "controlled buy" was not sufficient, by itself, to show probable cause supporting issuance of search warrant

because the officer admitted that he searched only the informant's pockets and that the informant could have had drugs concealed elsewhere on his body. *Id.* at 813.

Courts have found a single "controlled buy" sufficient to corroborate an informant's tip and support the issuance of a warrant, but have done so only when proper procedures were followed. *See State v. Griggs*, 352 S.W.3d 297, 305 (Tex. App.–Houston [14 Dist.] 2011, pet. ref'd.) ("controlled buy" sufficient to establish probable cause where officer "first checked the informant to make sure the informant possessed no money or contraband"); *Sadler v. State*, 905 S.W.2d 21, 22 (Tex.App.-Houston [1st Dist.] 1995, no pet.) (the circumstances of a "controlled buy" sufficient to reasonably confirm an informant's information and give probable cause to issue a search warrant where informant was searched before entering suspected premises); *Salazar v. State*, 806 S.W.2d 291, 293–94 (Tex.App.— Amarillo 1991, no pet.) ("controlled buy" sufficient for issuance of warrant where informant was searched and found to be without narcotics prior to buy); *Ford v. State*, 179 S.W.3d 203, 212 (Tex. App.–Houston [14 Dist.] 2005, pet. ref'd) (single "controlled buy" sufficient where the affidavit stated that the informant was searched by the affiant for contraband and then given money to purchase drugs from a suspect inside the apartment); *Richardson v. State*, 622 S.W.2d 852, 856-577 (Tex. Crim. App. 1981) ("controlled buy" sufficient where affidavit stated that prior

to allowing the informant to go into appellant's residence he was strip searched and his car was thoroughly searched for contraband).

Appellant is aware of one case, *Williams v. State*, 37 S.W.3d 137, 140-41 (Tex.App.-San Antonio 2001, pet. ref'd), that has been cited for the proposition that the absence of a prior search does not render a "controlled buy" insufficient to support a warrant. *See, e.g., Smith v. State*, 2002 WL 31264854, *4 (Tex. App.-Houston [1 Dist.] 2002, pet. ref'd) (not designated for publication) (citing *Williams* for proposition that "the absence of a prior search does not alone establish insufficiency of an affidavit for probable cause); *Robinson v. State*, 2002 WL 595137, *4 (Tex.App.-Hous. [1st Dist.] 2002, pet. ref'd) (not designated for publication) (same). These cases characterize the holding in *Williams* as affirming the denial of a motion to suppress "where informant was not searched before or kept in view during buy." *Id., see also Griggs*, 352 S.W.3d at 305. But these cases mischaracterize the holding in *Williams.*

The court of appeals in *Williams* evaluated the contents of an affidavit for probable cause. 37 S.W.3d at 140. The opinion lists certain contents of the affidavit, including the fact that "Deputy P. Askew of the Harris County Sheriff's Department utilized the confidential informant to make a controlled buy of cocaine by sending the informant to the garage apartment." *Id.* at 140. The opinion does not indicate

whether its list is a verbatim excerpt from the affidavit or merely a condensed summary. *Id.* There is no indication that the appellant specifically challenged the sufficiency of the controlled buy procedure. The court of appeals found the allegations to be sufficient, without any discussion of whether the "controlled buy" included a search. *Id.* at 141. Because the phrase "controlled buy" is a term of art that implies the use of certain procedures, including a search of the informant and some measure of surveillance, it is inaccurate to conclude that the *Williams* court specifically validated a warrant as the basis of a "controlled buy" conducted without a search of the informant. There is no way to ascertain from the opinion whether the affidavit in fact included a description of an initial search, or whether the court of appeals presumed that such a search is implicit in the term "controlled buy."

Accordingly, there is no published Texas authority validating a warrant issued solely on the basis of a "controlled buy" conducted without a reasonably effective initial search of the informant. But that is not the only deficiency present. As addressed in Issue One, the affidavit does not indicate when the buy occurred, and does not supply any information, aside from the buy itself, supporting an inference of ongoing narcotics activity to cure the lack of an allegation of a timeframe for the buy. *Jones*, 364 S.W.3d at 861; *McLain,* 337 S.W.3d at 273. Furthermore, the affidavit contains no allegation that the informant saw additional

23

narcotics in the residence. Reviewing the remainder of the affidavit *de novo*, without any deference to the magistrate, it is insufficient to support a finding of probable cause.

This Court should find that the trial court erred in denying the motion to suppress, and should reverse and remand the case for a new trial.

### Issue Three – Disclosure of the Informant's Identity

#### A.     Standard of Review

A trial court's denial of a motion for disclosure of a confidential informant is reviewed under the abuse-of-discretion standard. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 98 S.W.3d 349, 355 (Tex. App.- Houston [1st Dist.] 2003, pet. ref'd). Under that standard, a trial court's decision is disturbed on appeal only when it falls outside the zone of reasonable disagreement. *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App.1996), *cert. denied,* 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).

#### B.     Applicable Law

Under Rule of Evidence 508, the State has a "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer." TEX. R. EVID. 508(a). That privilege is subject to several exceptions. One exception applies

24

when "information from an informer is relied upon to establish the legality of the means by which evidence was obtained" and when "the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible." Tᴇx. R. Evɪᴅ. 508(c)(3). Also, a court must order disclosure of the individual's identity if the informant may reasonably be able to provide testimony necessary to a fair determination of guilt or innocence. Tᴇx. R. Evɪᴅ. 508(c)(2). If it appears from the evidence in the case, or from some other showing by a party, that an informant may be able to give testimony necessary to a fair determination of guilt or innocence, and the State invokes the privilege, the trial court must give the State an opportunity to show *in camera* facts relevant to determining whether the informant can, in fact, supply that testimony. *Id.*

The "defendant has the threshold burden to show that the informant's identity must be disclosed." *Sanchez v. State*, 98 S.W.3d 349, 355 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd). To satisfy this burden, "the defendant must present evidence, from any source, but cannot rely on mere speculation or conjecture." *Id.* "Because the defendant may not actually know the nature of the informant's testimony, the defendant need make only a plausible showing of how the informant's testimony may be important." *Id.* at 355–56. "Before a court orders the identity of the informant to be revealed, the informant's potential testimony must be

shown to significantly aid the defendant; mere conjecture about possible relevance is insufficient to meet the threshold burden." *Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.-Houston [14th Dist.] 2013, pet. ref'd); *Sanchez*, 98 S.W.3d at 356. Only "after a defendant makes a plausible showing is the trial court required to hold an *in camera* hearing to determine whether disclosure is necessary." *Haggerty*, 429 S.W.3d at 8.

Appellant asserted in the trial court that the informant's testimony might be relevant to a determination of guilt or innocence, pursuant to Rule 508(c)(2), because the informant could testify as to the identity of the person with whom he/she conducted the alleged buy. If someone other than Appellant conducted the transaction, such evidence would be exculpatory. 2RR123-24. This claim was supported by the affidavits of Appellant and Nassim Joseph indicating that Appellant was at a restaurant with Joseph at the time of the alleged buy. DX3; DX7. Additionally, Appellant's phone records and coordinate search results indicate that Appellant's phone was at the location of the restaurant at or near the time of the alleged buy. DX4; DX6.

Appellant also asserted that the informant's testimony was relevant, pursuant Rule 508(c)(3), to the legality of the means by which the evidence was obtained. 2RR123-25. Because Appellant's submitted affidavits and documentary evidence

indicate that Appellant was away from home at the time of the alleged buy, the informant could provide testimony regarding the procedures utilized in conducted the buy, which would inform the determination of whether the informant's information was "reasonably believed to be reliable or credible." TEX. R. EVID. 508(c)(3).

By requiring the State to produce the informant for *in camera* testimony, the trial court implicitly found that Appellant had met his initial burden of a plausible showing that the informant's testimony might be relevant to the motion to suppress or to a fair determination of guilt or innocence.

Appellant requests that the Court review the sealed transcript of the *in camera* hearing to determine whether the trial court abused its discretion in denying the motion for disclosure. Specifically, the Court should determine whether the testimony of the informant (1) could significantly aid the defense in the guilt-innocence determination, or (2) reveals that the informant's information was not "reasonably believed to be reliable or credible." TEX. R. EVID. 508(c)(3). If the Court finds that either of these criteria is met, the Court should conduct a harm analysis pursuant to Texas Rule of Appellate Procedure 44.2(b). *Sanchez v. State*, 98 S.W.3d 349, 356-57 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd) (stating trial court's failure to order disclosure of confidential informant's identify is non-

27

constitutional error governed by TEX. R. APP. P. 44.2(b)). If the error is found to have a substantial and injurious effect on the verdict, the conviction should be reversed and the case remanded for a new trial. *Id.*

**PRAYER**

Appellant respectfully requests that the Court reverse his conviction and remand for a new trial.

Respectfully submitted**,**


/s/ Norman J. Silverman
**NORMAN J. SILVERMAN**
**Texas Bar No. 00792207**
**917 Franklin, 4th Floor**
**Houston, Texas 77002**
**(713) 526-1515**
**(713) 526-1798 (FAX)**
**lawyernorm@msn.com**

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF SERVICE**

This document has been electronically served on the following parties contemporaneously and in conjunction with e-filing on March 19, 2015.

Alan Curry
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002
curry_alan@dao.hctx.net

/s/ Norman J. Silverman

**CERTIFICATE OF COMPLIANCE**

This document has been prepared with Microsoft Word 2010, and the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 6,243 words according to the program's word-count function.

/s/ Norman J. Silverman